### RONDEAU vs. PEDESCLAUX.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Where, by the contract of partnership, a division of the profits is to be made before the winding up of the concern, one partner may sue the other on note given for his proportion of the profits, although the partnership be not yet closed.

The facts are fully stated in the opinion of the court, delivered by *Porter, J.*

This action is brought on a promissory note, executed in favor of the plaintiff by the defendant.

The answer alleges the note was made for the accommodation of the plaintiff, and subject to a further settlement between the parties, the amount and term of payment being calculated upon the probable profits to be made by the defendant as notary public, one-half of which were to be received by the plaintiff in compensation of his services.

The answer goes into a detailed statement of the state of accounts between the parties, and after showing a balance in

favor of the defendant of ten dollars, claims judgment in
reconvention for that sum.

The plaintiff filed exceptions to the answer :

1. Because the partnership still exists, and is not to be dissolved, until the last of December, 1832.

2. Because one partner cannot sue another for any specific sum, but must sue for a settlement.

3. Because the matter pleaded in defence, is not such as may be pleaded in defence, or compensation, or set off to a liquidated demand, but should be as liquidated and demandable, as the principal demand. *Louisiana Code*, 2205.

4. Because the consideration, for which the note sued on was given, was borrowed money. *Louisiana Code*, 2207.

It does not appear from the record, that these exceptions were acted on. Evidence was taken, and the cause examined on its merits. The court in passing judgment, assumed as true the principle of law contained in the plaintiff's exceptions ; but instead of rejecting the defence as a consequence of their correctness, applied them to the petition, and decided, that as the note was given for a sum which it was supposed would be due to the plaintiff out of the partnership profits, and this partnership had not been liquidated and settled, that there be judgment for defendant with costs. From this judgment the plaintiff has appealed.

The articles of partnership were introduced. They showed the parties were to be partners for three years ; the profits were to be equally divided. They also contained this clause.

" And in order to insure to the said William Rondeau one-half of the gains and profits of the said business, in case of death, &c. of the said Hugues Pedesclaux, the said Hugues Pedesclaux hereby agrees, that whenever there shall be a balance of one hundred dollars in outstanding debts due, that he will, at the request of the said William Rondeau, give him, the said W. Rondeau, his, said H. Pedesclaux's own note of hand for one-half of such balance of debts, whatever the same may be, payable at four or six months date, as the said W. Rondeau may require, and so from time to time as there shall or may be an uncollected balance of debts owing

to the said H. Pedesclaux as notary, during the said term of three years."

RONDEAU
*vs.*
PEDESCLAUX.

Where, by the contract of partnership, a division of the profits is to be made before the winding up of the concern, one partner may sue the other on a note given for his proportion of the profits, although the partnership be not yet closed.

The defendant has relied on the well known principle of law, which has been repeatedly recognised by this court, that an action by one partner against another can only be brought at the close of the partnership, and then for a settlement of the accounts. That doctrine is very clear; but, like all other general rules, it has its exceptions; and a case like that before us is one, where by the original contract between the members of the firm, a division of the profits was to be made, before the winding up of the concern. This is the law which the parties have made for themselves, and they must abide by their agreement. The note on which the present action was instituted, was given in pursuance of the article of partnership, and the defendant must discharge it, unless he can show it was given for a greater sum than the actual profits at the time authorised, or that he has paid, or otherwise extinguished it.

The case was referred to amicable compounders, who reported to the court, that they were unable to decide, several questions of law growing out of the facts presented to them, and prayed they might be discharged from any further consideration of the case. They were accordingly discharged, and the court proceeded to examine the cause on its merits.

From the view we have taken of the articles of partnership, it behooves the defendant to show that the note was given without consideration, or what is the same thing, in error as to the amount of the profits made at the time it was executed.

But a witness was introduced by the defendant, who gives a different complexion to the transaction. This witness, who was the person chosen by the defendant as his arbitrator, swears, " he heard the plaintiff admit, while speaking of the note sued on, that the same had been given him by defendant as a guarantee for any claim he might have against defendant for his, plaintiff's, share in the concern, should any accident happen to the defendant during the absence of plaintiff from the city, that is, in case of the death of defendant; and that in case a settlement of the affairs of the concern took place, said note was to be considered as null."

This testimony is in contradiction to the articles of partner- ship, and the obligation expressed in the note ; and it is not easy to see what kind of guarantee it afforded to the plaintiff, if it was given solely for the purpose spoken of by witness, for had the defendant died, it would not have been obligatory on his heirs, if given without consideration.   Taking it, how- ever, in its full extent, the condition on which the note was to become null, namely, a settlement between the parties, has not taken place.   And the obligation can be enforced, unless the defendant will furnish an account and enable that settle- ment to be made.   The articles of partnership give to the plaintiff a right to demand a share in the profits before it expired, and if the defendant refused to give his note for them, according to the contract, the plaintiff had a right to enforce their payment by suit.

The defendant has not shown that the note was given for a greater sum than the profits.   But he has proved that the plaintiff has collected two hundred and sixty-seven dollars from the accounts due the firm.   From this sum must be deducted one hundred dollars, lent by the plaintiff to the defendant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed : And it is further ordered, adjudged and decreed, that the plaintiff do recover of the defendant the sum of four hundred and fifty-three dollars, with costs in both courts.