BOUTALL, Judge,
dissenting.
The majority opinion has accurately described the issue herein. If Article 10 of *1256 the partnership agreement is interpreted to require that each partner shall pay into the partnership the amount of the loss experienced for that year as a special yearly payment, then a partner could be made to pay under the agreement, just as in the case of Rondeau v. Pedesclaux, 3 La. 510 (1882). Basically, my disagreement is that the quoted provision of Article 10 does not require payment as was the case in Rondeau.
At the outset I must point out that the petition is rather vague, and I believe necessarily so, in order that the petitioners may make a better showing of compliance with the Rondeau exception. Although the petition makes frequent references to the partnership agreement, it does not make the agreement a part of the petition so that the court may use the document for an examination of that particular section of Article 10 in light of the entire agreement between the parties. However, my interpretation of Article 10 is simply that annually, (presumably at the end of the calendar or fiscal year) an audit will be made to determine whether the company made money or lost money, and that amount will then be either credited to or deducted from whatever other assets or credits of the partner are held by the partnership. The petition in itself discloses that no demands have ever been made of any of the partners in either suit to pay at the end of any year such amount as may have been claimed as a loss.
It should be kept in mind that this is not an ongoing partnership such as the Ron-deau situation. This is a liquidation to wind up the affairs of the partnership, the net result of which will be to distribute to each partner his proportionate share of the assets or debts of the partnership. Thus in effect, it is in the nature of a partial accounting, which is denounced by numerous jurisprudential cases. The petition, although particularized to losses for specific years, shows in itself that it is not just an assessment of a specific year’s loss in accordance with a proportionate division amongst the partners. An analysis of the sums mentioned show that there is no proportionate correlation amongst them from year to year, and this, coupled with the allegations that the losses are adjusted subject to certain credits, etc., demonstrate that this is simply a guise to enforce contribution from particular partners without an accounting of their overall standing in the partnership. Specifically, it is noted that in the suit against partner Wolf, the petition alleges that he was a partner since 1966, and although it states that in each specific year in which there was a loss an adjustment was made of credits and debits resulting in a certain figure, there is no statement that his account anywhere along the way was in arrears, or even is in arrears at the time of filing of the suit. In the suit against the several partners, there is no statement as to when they became partners, but a similar set of allegations prevail.
Thus, under the allegations of this petition, any of these partners may be in a capital position superior to that of the partners not party to the suit and yet they are being asked to contribute money to the liquidation of the partnership. I can only consider this as an attempt to defeat the final adjustment of account owed to the partners under the law. Presumably, if this suit is permitted to proceed, not one of these defendants would be able to use as a defense the fact that the partnership owes him money, and presumably he will be unable to require that the account of other partners be considered in relationship to his. Any accounting between the partners or interrelation of their accounts can hardly be considered without reference to the entire partnership agreement, only a few selected words of which are placed before us in this petition. It may be that reference to the entire partnership agreement would support plaintiff’s position that it has a cause of action. If so, then the exception should be maintained, but plaintiff given an opportunity to amend.
However we have before us only the bare allegations as noted above. One can glean from the allegations that the partnership is in liquidation, that the affairs are being wound up, and the accounts of the various partners are being settled. To bring this *1257 suit, requiring the defendants to pay specific year’s losses without regard to the partners’ overall status in the partnership and without an accounting, is representative of the very evil that the general rule of partnership suits is designed to prevent. The judgment of the trial court should be affirmed.