### Boyd v. Brown.

*A carpenter employed to do certain work on a house belonging to two partners, in which they kept a grocery and billiard table, when the work was nearly finished purchased the interest of one of the partners, and finished the work afterwards. Held, that he might sue the other partner for his proportion of the price of the work; and that it is not necessary that he should sue for a settlement of the partnership accounts, the work not being a partnership transaction.*

APPEAL from the District Court of Carroll, *Curry*, J.

The plaintiff alleges that he performed work worth $1,010, on a house owned by the defendant and himself jointly; and that the defendant had agreed, and expressly promised to pay half of such a sum as the work was fairly worth; that nevertheless he had refused, &c.

The defendant excepted that the suit was for a specific item of an unsettled partnership account. This exception was overruled.

The testimony establishes that while the house belonged jointly to *Bell* and the defendant, they agreed to divide equally the cost of the work which the plaintiff was employed to perform. With this understanding, the plaintiff had almost completed the job, when he purchased *Bell's* undivided share of the house, assuming in every respect *Bell's* position as joint owner. The work was then completed by the plaintiff. The defendant appealed from a judgment against him.

*Prentiss* and *Finney*, for the plaintiff. The house upon which the work was done was not partnership property. The plaintiff and defendant were joint owners as to the house, not partners. The plaintiff's claim, therefore, for half the work done on the house, was not a specific item of an unsettled partnership account. The deeds introduced in evidence show that each purchased a moiety individually, and if they had taken the title in the name of the firm, they would still have been joint owners each of an undivided half. Civ. Code, arts. 2777, 2807. 3 La. 494. 17 La. 596.

*Selby*, for the appellant.

The judgment of the court was pronounced by

Rost, J. The plaintiff, who is a carpenter by trade, was employed to do some work on a house, belonging, at the time, to the defendant, and one *Bell*. When the work was nearly finished, he purchased the undivided half of *Bell*. The act of sale also contains the sale of the undivided half of a billiard table, and of the furniture and contents of a grocery shop, then in the house, the other half of which belonged to the defendant. The plaintiff continued to work as before on the house, and now claims from the defendant one-half of the value of the work done and of the materials furnished by him.

The defendant excepted to the action on the ground that, after the plaintiff's purchase, they kept the grocery shop in partnership; that the house and grocery belonging alike to the partnership, the only action which the plaintiff can maintain is one for a settlement of accounts. This exception was properly overruled. Most of the work was done by the plaintiff before the date of his purchase, and is, in no sense of the word, a partnership concern. The defendant is not a carpenter, and has no right to enrich himself by the plaintiff's labor. The court below rightly decided that the partnership concerns, if any there be, could not be settled in this suit-

The case was tried before a jury, who gave a verdict in favor of the plaintiff, and there is nothing in the judgment which requires our interference.