## JAMES H. BATTAILLE v. THEODORE C. BATTAILLE.

The fact of there having existed a partnership in *commendam* between the parties, does not prevent the plaintiff from recovering of the defendant sums of money paid for the use of the latter, and which were not taken from, or connected with, the partnership.

APPEAL from the District Court of St. Landry, *Overton*, J. *Dupré* and *King*, for plaintiff. *Lewis* and *Porter*, for defendant. The judgment of the court was pronounced by

ROST, J. The plaintiff claims divers sums of money alleged by him to have been paid for the use of the defendant, and has fully made out his claim to the amount allowed by the district court. The defendant and appellant alleges the following grounds of error: 1st. That a partnership, in which the defendant was a partner in *commendam*, existed at the time those payments were made, and that the said plaintiff could not sue him for an individual debt, till after a final liquidation of the partnership concerns. 2d. That if the plaintiff is entitled to recover, the defendant should have been credited with $1500, the proceeds of a crop which the plaintiff is alleged to have received.

The sums paid by the plaintiff to the use of the defendant, were part of the price of a plantation purchased by the latter, on his private account, and are not shown to have been withdrawn from the partnership. Had the plaintiff himself sold the plantation, it cannot be seriously contended that he would have been compelled to wait till after the expiration and final liquidation of the partnership, before he could enforce payment; and no reason can be given why, after payment of the price, he should not have the right, which no one would contest to the vendor. The rule invoked by the appellant does not extend to a case like this.

The testimony adduced to show, that the plaintiff had received the proceeds of one of the crops, is not positive. The district judge did not consider it satisfactory, and we cannot say that he erred. This matter, besides, was not pleaded in the defendant's answer.

The evidence offered, to show that the plaintiff had no visible means of making the payments alleged, is insufficient to falsify the evidence in the record, that he did make them.

We see no cause to interfere with the judgment. It is therefore affirmed, with costs.