G. B. ALEXANDER *v.* M. D. C. ALEXANDER.

One who is clerk and also in partnership in a particular business with his employer, may, where his duties as clerk and partner are distinct, sue for his salary due him in the former capacity, without resorting to a suit for the settlement of the partnership transactions.

A married man may serve his wife in her executorial capacity, for a debt due him by the testator. The institution of the suit by the husband will be considered as an authority to her to be sued.

APPEAL from the District Court of Caddo, *Cresswell*, J.
   *Land & Williamson*, for plaintiff.   *C. M. Nutt* and *H. A. Druid*, for defendant and appellant.

COLE, J.   This is to recover $7,200, the aggregate amount alleged to be due for the salary of plaintiff for six years, and $300 amount of hire of a slave belonging to him.

Plaintiff avers that he acted as clerk and general agent of one *Dr. Samuel Bennett*, from September, 1847, to the time of his decease, in September, 1853, a period of six years; that his services were reasonably worth $1,200 per annum, and that said *Bennett* received during said six years, hire for a slave of petitioners to the amount of three hundred dollars, making a total sum of $7,500 due plaintiff; that said *Bennett* left his testament, in which he made *Mary D. C. Alexander*, wife of petitioner, one of his testamentary heirs, and also appointed her executrix of his will.

Defendant sets up a general denial; also, alleges a verbal contract of part- <span style="float:right">ALEXANDER<br>*v.*<br>ALEXANDER.</span> nership in the ice and butchery business, between plaintiff, his brother and *Dr. Bennett;* that the enterprise failed, and plaintiff seeks now to obtain an advantage from the circumstances of defendant—pleads the prescription of one, three, five and ten years; excepts to the right of plaintiff to sue her, because of their relation as husband and wife; and that plaintiff is indebted to the succession of *Bennett* in the sum of $2,715, which is plead in reconvention and compensation.

In an amended answer, defendant pleads the indebtedness of plaintiff in various sums to *Bennett's* succession, and a further indebtedness for monies collected and unaccounted for, and for notes had in his possession, to be returned by order of court, or their amounts to be paid over to her; and lastly, she pleads a peremptory exception, that the plaintiff, his brother and the testator were partners in an ice and beef business, and that plaintiff's demand should have been for a settlement of the partnership affairs. This exception, by consent of parties, was ordered to stand as part of the answer.

It is admitted, that the plaintiff and defendant are not now, nor have they, since the death of *Dr. Bennett,* been living together as husband and wife.

There was judgment for $4,800, and defendant has appealed.

The peremptory exception, that plaintiff should have sued for a settlement of the partnership affairs, instead of instituting this process, cannot be maintained; the duties of plaintiff as clerk and general agent were totally distinct from those as partner in the ice and beef business; his claim for salary in those capacities, has nothing to do with the settlement of the partnership.

Another exception of defendant was, that she is the universal legatee of all the property left by *Samuel Bennett* in the State of Louisiana; she is the actual party in interest in this suit, and that plaintiff cannot maintain any action against her, except for separation from bed and board, and settlement of the community of acquets and gains.

We consider that this exception is not well taken for the following reasons: She is sued in her capacity of executrix; the rights of husband and wife are not so entirely merged by our laws, as to prevent the husband from suing his wife in a representative capacity for claims due by a deceased person, whose estate she administers as executrix.

There is no law which prohibits the husband from instituting such a suit, and *ex necessitate rei,* the action must lie to prevent a failure of justice.

She is authorized by her husband to stand in judgment, by the mere institution of the action, for he cannot be supposed to sue her, without also intending that she shall be capable of standing in judgment.

There was also an order of court, authorizing her to stand in judgment.

Besides, there is nothing due the wife as legatee, until all the debts are paid. This exception was then properly overruled by the lower court.

No proof was offered to establish the indebtedness of plaintiff to *Bennett's* estate, nor of any sum due by way of reconvention, compensation, or otherwise; and plaintiff also failed to prove the receipt of $300 by *Dr. Bennett* for the hire of his slave.

There is no plea of payment and no testimony to show that any salary was ever paid to plaintiff, so that the sole questions remaining are: Whether plaintiff was employed by *Bennett;* in what capacity; the value of his services, and the plea of prescription.

ALEXANDER
*v.*
ALEXANDER.

The evidence fully establishes that *Dr. Bennett* was engaged in business of a diversified character; that he was often absent from the parish of his residence; that plaintiff performed the duties of clerk and general agent for him from September or October 1847, till his death in 1853. He attended his store; he superintended warehouses on both sides of the river; collected notes and other claims due *Bennett*, in connection with the business of *J. H. Caine & Co.*, and *Samuel Bennett* as successor; he represented *Bennett* as agent, in buying and selling in the multifarious and curious transactions in which he had an interest.

The lower court considered his services as general agent and clerk, worth a thousand dollars per year; that the plea of prescription must prevail as to the compensation due the plaintiff, as a clerk, from September or October, 1847, for the three years following, and for that time deducted $400 per annum, the usual salary at that time, according to the evidence, for a clerk in a house of limited business, which left $600 per year for salary as general agent. For the next three years the District Judge thought there was a sufficient acknowledgement of the debt due plaintiff to interrupt the prescription applicable to clerks, and that consequently he is entitled to the whole amount due as clerk and general agent, from September, 1850, although a small part thereof was prescribed.

We are of opinion, that the acknowledgment by *Bennett*, of a specific sum due plaintiff, is not sufficiently established by the evidence to arrest prescription.

It is also argued by plaintiff, that a continuity of services prevents prescription against claims for wages of a clerk.

It is true that it has so been decided (vide *Pressas* v. *Mendiburn*, 4 Martin, 129) but we are of opinion that a continuity of services as clerk does not arrest the prescription of three years; the contrary doctrine seems to have been overruled. Vide *Cresap* v. *Winter*, 14 L. R. 554.

Although we are of opinion that the District Judge erred in deciding, that the prescription of three years was arrested for a part of the time, yet we are not disposed to interfere with the judgment; for there is sufficient evidence of the value of the services in the record to justify the judgment, even if the time that is prescribed after the termination of three years from 1847, is considered; besides, it appears from the evidence that defendant is the reputed natural daughter of *Bennett*, and when a brother of plaintiff went to him for a settlement, *Bennett* told him: "That plaintiff wished to draw the money which he owed him, but that he thought plaintiff in this suit ought to let the money remain, and intimated, that all of his, *Bennett's* property, would eventually belong to plaintiff and his wife, and wished witness to advise his brother (the plaintiff) not to draw out his salary, and admitted that he owed plaintiff his salary for his services, and that the same was due and unpaid, and said that he (*Bennett*) would pay him liberally for his services, but wished him to wait for it."

In his will, he bequeaths nothing whatever to plaintiff, and the wife of plaintiff has been living separate from him since the death of *Dr. Bennett*.

It is very evident, that plaintiff did not insist on a settlement on account of having married the reputed natural child of *Dr. Bennett*, and of the expectation that *Bennett* would remember him in his will.

Under all the circumstances of this case, we do not feel justified in interfering with the judgment.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.