### PETER W. HENNEGIN *v.* THOMAS W. WILCOXON.

A partner cannot sue his copartner, even after the dissolution, for special items advanced to the partnership—his action is for an account and settlement of the partnership affairs, or, if a settlement has been made, for the balance shown to be due to him by such settlement.

APPEAL from the District Court of the Parish of St. Mary, *Voorhies,* J.

*J. W. Walker,* for plaintiff and appellant. *J. G. & A. Olivier,* for defendant.

SPOFFORD, J. The plaintiff sued to recover of defendant certain sums of money alleged to have been advanced for the steamboat Huron, whilst owned and run by them in partnership ; he also claimed the surrender of a note for $1500, given by him to defendant as part of the purchase price, which the latter, after the wreck of the boat, agreed to restore, in consideration of a sale by plaintiff to the defendant, of his half of the wreck.

Besides; there was a demand for damages, of which there is no proof, and which appears to have been abandoned.

The plaintiff had judgment only for the return of the $1500 note, and all costs ; he has appealed for the purpose of testing the validity of an exception pleaded in the answer to that portion of his demand which relates to the sums said to have been advanced for the use of the partnership.

It is very clear that a partner cannot in general sue his copartner, even after the dissolution, for special items advanced to the partnership—his action is for an account and settlement of the partnership affairs, or, if a settlement has been made, for the balance shown to be due by such settlement.

The plaintiff seeks to escape the rule in this case, by averring that the sale of his share of the wreck to his copartner, which put an end to the partnership, imposed upon the latter, by operation of law, the duty of paying all the boat's debts, *including the plaintiff's alleged advances.* This proposition cannot be maintained.

He further alleges a special stipulation on the part of defendant at the time he bought plaintiff's share of the wreck, to pay him the amount of his advances.

The only proof upon this subject is that of the witness, *Cannon,* who says that, as well as he recollects, *Captain Wilcoxon* was to pay *Hennegin* thirteen hundred and odd dollars, return the $1500 note, and pay all the liabilities of the boat, in consideration of the sale of half the wreck, which sale this witness wrote. Aside from improbabilities, patent upon this testimony, we may remark that the written act speaks of the return of the plaintiff's note for $1500, as the only consideration of the sale ; and that another of plaintiff's witnesses, present at the sale recollects nothing of the assumpsit testified to by *Capt. Cannon,* so that the cove-

Hennegin
v.
Wilcoxon.

nant to pay over $1300 is testified to by but a single witness, whose account, so far from being corroborated, is contradicted by the circumstances in evidence.

There is no error in the judgment to the prejudice of the plaintiff and appellant.

The appellee tendered the note claimed by plaintiff, in his answer filed July 3d, 1855, and he contends that all costs subsequent to that date should be paid by the plaintiff, who failed in all other portions of his demand. We think the amendment prayed for by the appellee in this particular should not be allowed, for it does not appear that the defendant also made a tender of the costs up to that date.

Judgment affirmed.