## JOHN MURPHY *v.* WILLIAM H. CRAFTS.

A partner is bound to indemnify his copartners for any loss to the firm occasioned by an act of his done in violation of the contract of partnership, unless his partners, by their acts or assent, ratify and confirm his acts which occasioned the loss.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.
*Singleton & Clack*, for plaintiff. *Coxe & Breaux*, for defendant and appellant. .

LAND, J. The plaintiff and defendant were commercial partners, transacting a general commission business under the name and style of *Murphy & Crafts*, in the city of New Orleans. Their contract of partnership was in writing, and the third article thereof, was in these words : " We will not endorse any note, draft, or give our signatures separately or collectively, except for our legitimate busi-

MURPHY
*v.*
CRAFTS.

ness purposes. *Crafts*, in violation of this article of the partnership agreement accepted in the partnership name, for the accommodation of his brother-in-law, *John C. Robertson*, of the city of Boston, bills of exchange to the amount of twelve thousand five hundred dollars. *Robertson* failed in business, and the firm of *Murphy & Crafts* lost, in consequence of these acceptances, the sum of five thousand five hundred and ninety-two dollars and ninety cents.

The principal question in this case is, whether *Crafts* is liable to his partner for the loss.

Article 2774 of the Civil Code, under the head of Partnership, declares that contracts of copartnership are regulated by the rules laid down in the title of *conventional obligations*, in all things not differently provided for by this article.

And Article 1920, under the head of Conventional Obligations, provides, that " On the breach of any obligation to do, or not to do, the obligee is entitled either to damages, or in cases which permit it, to a specific performance of the contract, at his option, or he may require the dissolution of the contract, and in all these cases damages may be given where they have accrued, according to the rules established in the following section."

In the following section, Article 1924 declares that " the obligations of contracts extending to whatsoever is incident to such contracts, the party who violates them is liable, as one of the incidents of his obligations, to the payment of the damages which the other party has sustained by his default."

Judge Story, in his Commentaries on the Law of Partnership, says : " One of the most obvious duties and obligations of all the partners is, strictly to conform themselves to all the stipulations contained in the partnership articles, and also to keep within the bounds and limitations of the rights, powers, authorities and acts belonging and appropriate to the due discharge of the partnership, trade or business. Of course, every known deviation from, and every excess in, the exercise of such rights, powers, authorities and acts, which produce any loss or injury to the partnership, are to that extent to be borne by the partner who causes or occasions the loss or injury, and he is bound to indemnify the other partners therefor. The same doctrine is recognized by Pothier as existing in the French law ; and it seems, indeed, so clearly the result of natural justice as to require no particular exposition." See Story on Partnership, section 173.

According to these rules, the defendant is clearly bound to indemnify the plaintiff for the loss resulting from his breach of the third article of their contract of partnership, *unless the same was superseded, or waived in the course of their business, with the assent of the plaintiff*. And this is the defence made by the defendant to the action ; but we concur with the District Judge, that the evidence is insufficient to show that the partners came to a new arrangement, in the course of their business, and thereby superseded article third of their contract, or that the plaintiff ratified the acceptances in favor of *Robertson*.

The plaintiff further claims the sum of five hundred and fifty-six dollars and thirty cents, on a different account, and we concur with the District Judge, that the same is established by the evidence.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs in both courts.