No. 171.—R. E. SEWELL, Executor, *v.* J. N. COOPER.

Partners have no cause of action against each other for a specific sum resulting from partnership transactions until there has been a settlement of the partnership.

APPEAL from the Tenth District Court, parish of Caddo. *Taylor, J. George Williamson,* for executor and appellee. *Looney & Wells,* for defendant and appellant.

. WYLY, J.  The succession of John M. Landrum, through its proper representative sued the defendant on his promissory note for $2983 92, and levied an attachment on his property, he being an absentee.

After pleading the general issue, the defendant averred that he gave the note sued on to the executor " as a part or proximate settlement of the partnership heretofore existing between him and the late John M. Landrum, known as the firm of Landrum & Cooper ;" that it was well known to plaintiff that said partnership was not and is not yet settled. He averred that he has always been ready and anxious for a partnership settlement and no demand, either judicial or amicable, has ever been made for such settlement, and he therefore moved for the dismissal of the suit.

Further answering, he averred that the note was given in error—that the partial settlement was erroneous; that there was an item of one thousand two hundred dollars charged as the value of a negro woman named " Ann," which was erroneous, the deceased never having made a valid title to him.

*Second*—The item of six hundred and forty-five dollars, for half value of the negro boy "Gus," was for the same reason also erroneous.

*Third*—The item of $2334 88, due White, Smith & Baldwin was erroneous, the same having been paid to A. J. Rugely & Co. by draft, and now forms part of the consideration of a note on which the defendant is sued by Neill Stephens.

*Fourth*—The item of sixty-seven dollars and forty-eight cents due J. H. Hudgins was erroneous for the same reason.

*Fifth*—There was an error in not giving the defendant credit for $1488 36, for the amount paid by draft of Landrum & Cooper for a slave, the private property of Landrum.

*Sixth*—There was an error in not charging Landrum with $4000, funds of Landrum & Cooper, arising from the construction of a levee on Red river, and which funds were collected by Landrum.

*Seventh*—There was error in not crediting the defendant for the amount of taxes of Landrum & Cooper for 1863, which was paid by him.

*Eighth*—The defendant avers that he paid to J. Dubail $1500, the debt of Landrum & Cooper, for which he had no credit.

*Ninth*—Defendant avers that he holds the note of Landrum & Cooper, due the succession of William Gardner, for hire of slaves for 1860.

The defendant further avers that he left on the plantation of Landrum & Cooper four bales of cotton belonging to said firm, worth eight hundred dollars, which have not been partitioned, and which have been used or appropriated by the plaintiff.  Also that there remained on said plantation one hundred head of cattle, worth seven hundred dollars, belonging to said firm, which have not been partitioned, but have been used or appropriated by the plaintiff.

The defendant prayed that plaintiff's demand be rejected, and for judgment in reconvention for $4000.

The court gave judgment for plaintiff for $3764 29, and gave the defendant judgment on his reconventional demand against the plaintiff for sums amounting, in the aggregate, to $2925 65, and maintained the attachment.

The defendant has appealed.

The answer raises issues widely different from those presented in the petition.

.From the evidence we are satisfied that there never has been a final legal settlement of the partnership heretofore existing between John M. Landrum and the defendant.

The attempted settlement of the executor and the defendant in 1864 was had without the sanction or authorization of the court, and was not such as the law requires. Besides, it appears from the records that all the debts of the partnership had not been paid, and there was some cotton and other property not partitioned.

The note sued on but evidences the supposed indebtedness of the defendant to the succession of Landrum, after the settlement of the partnership.

It is well settled that partners have no cause of action for a specific sum, against each other, resulting from partnership transactions, till the partnership debts have been paid, or there has been a settlement of the partnership.

Plaintiff has not prayed for a settlement of partnership affairs and the pleadings are not such as are required for the settlement of the partnership.  His demand must therefore be rejected, and the reconventional demand must also be rejected.

It is therefore ordered that this suit be dismissed, without prejudice to the right of either the plaintiff or defendant to sue for a settlement of the partnership of Landrum & Cooper.

It is further ordered that plaintiff pay all costs.