No. 2661.—HULDA L. STANTON, Administratrix, v. HENRY S. BUCKNER.

One partner of a commercial firm can not maintain an action against another partner for a specific sum of money alleged to be due on account of partnership transactions. The remedy in such a case is to sue for a liquidation of the partnership. 13 An. 576.; 21 An. 582; 22 An. 429.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. Semmes & Mott*, for plaintiff and appellee. *Lea, Finney & Miller*, and *James B. Eustis*, for defendant and appellant.

WYLY, J. The plaintiff, the administratrix of the succession of Thomas H. Stanton, sues the defendant, Henry S. Buckner, for $13,000, alleging :

"That said Thomas H. Stanton was a member of the commercial firms of Buckner, Stanton & Newman, of New Orleans, and of Stanton, Buckner & Newman, of Natchez, Mississippi, from the first September, 1859, to the first September, 1861. That said firms were composed of Henry S. Buckner and Samuel B. Newman, who reside in New Orleans, and attended exclusively to the business there, and of said Stanton, who resided and attended exclusively to the business in Natchez.

"That the interest of said Stanton in said firms was one-eighth part of the whole. That he died in September, 1860. That on or about, or after the thirty-first August, 1861, the said Henry S. Buckner and S. B. Newman, the surviving partners of said firms, took possession of all the assets of said firms, treated them as their own, and as the sole proprietors thereof, settled with some of the debtors, gave time to others, used the whole as capital in their business for their own account and profit, and regarded them as so much cash on the thirty-first August, 1861, the day on which the interest of said T. H. Stanton, as a partner, ceased, and to a proportion of which he was entitled, without reference to future liquidation, and therefore they passed to the credit of said T. H. Stanton's 'new account' as a sum due his estate, from the profits

of the business, thirteen thousand dollars, which with interest, now at the rate of eight per centum per annum, from the thirty-first August, 1861, is due to petitioner in her aforesaid capacity of administratrix of the succession of said T. H. Stanton.

"That long subsequent to the death of said T. H. Stanton, the said Henry S. Buckner dissolved his connection in business with said S. B. Newman, and took into his possession as owner all the effects and assets of said firms, including the said balance of thirteen thousand dollars, which was set forth as one of the liabilities of their then firm; and the said Buckner then assumed all the liabilities and responsibilities of the said firms of Buckner, Stanton & Newman, and Stanton, Buckner & Newman, and is liable to petitioner for said sum of money, * * * * for which judgment is prayed."

The defendant excepted to the action on the ground that the claim of the plaintiff is one growing out of the unliquidated transactions of the commercial firms of Buckner, Stanton & Newman, of New Orleans, and Stanton, Buckner & Newman, of Natchez, and that the affairs of said commercial firms have never been finally liquidated and closed, but that they are now in process of liquidation and settlement, and that it is not competent for said plaintiff to have and maintain the present action for the specific sum by her claimed in advance of the final settlement and liquidation of the affairs of said partnerships.

Reserving the benefit of this exception, and without in any manner waiving it, the defendant answered; pleading a general denial, and a special denial that he owes the plaintiff any thing, and averring that upon a final settlement of the affairs of the commercial firms aforesaid, the estate of said Thomas H. Stanton will be found indebted to the respondent in a sum far exceeding the amount claimed by the petitioner.

The court referred the exception to the merits, and finally rejecting it, gave judgment for the plaintiff for $5562 70, the balance found to be due the said Thomas H. Stanton at the dissolution of the partnership on the thirty-first August, 1861.

The defendant appeals, and the plaintiff prays that the judgment be increased to the full amount claimed in the petition.

That Thomas H. Stanton was a partner and owned an interest of one-eighth in the commercial firms of Buckner, Stanton & Newman, of New Orleans, and Stanton, Buckner & Newman, of Natchez, which firm ceased to exist on thirty-first August, 1861, is not disputed. Nor is it disputed that his share of the assets at the dissolution amounted to $12,991 45. But the defendant contends, and the evidence shows, that this was not cash, but only his part of the profits, consisting of claims believed to be good, belonging to said firms.

It is also shown that at the time of the dissolution said Thomas H. Stanton owed the firms an individual debt of $7428 75.

After the death of Stanton his partners continued business, taking S. D. Stockman as a partner; and the new firms took charge of all the assets and have been liquidating the affairs of their predecessors.

The legal representative of the deceased has never demanded a partition, nor has she ever taken part in the settlement of the business of said firms. It is shown that over $300,000 of the assets, believed to be good at the close of the partnership in August, 1861, are now worthless; and that said partnership was then largely involved in debts.

We think the exception of the defendant should be maintained, because there never has been a settlement of the commercial partnership of which the said Thomas H. Stanton was a partner. It is well settled that one partner has no action against another for a specific sum; he must sue for a liquidation of the partnership. 13 An. 576; 21 An. 582; 22 An. 429.

That the defendant "took possession of all the assets of said firms, treated them as his own and as sole proprietor thereof, settled with some debtors, gave time to others, used the whole as capital in business," might be a good cause for damages in the settlement of the partnership, if any resulted therefrom; it is no ground to maintain the present action. That one partner became the *negotiorum gestor* might impose on him the obligation to use due diligence; it would not compel him to insure the validity of the claims he had undertaken to collect; nor would it bind him to pay his associates if he was unable to collect them. Pratt *v.* McHatten, 11 An. 260.

That the defendant received the assets and assumed the liabilities of the firms of Buckner, Newman & Co., and Buckner, Newman & Stockman, in the final settlement with his copartners, does not concern the plaintiff, as the succession of Thomas H. Stanton was not a creditor of said firms for any specific sum. The rights of the latter can only be ascertained by a settlement of the partnership of which the deceased had been a member.

That the surviving partners, on the thirty-first of August, 1861, "passed to said T. H. Stanton's new account, as a sum due his estate from the profits of the business," $12,991 45, is of no consequence; it does not justify the present suit, because it was only a nominal credit, subject to a future liquidation, entered up in order to balance the books, as is explained by the evidence in the record; and of this the executor of Thomas H. Stanton was duly advised when the statement of the account was rendered.

We find in the record the following letter, dated August 31, 1861, from the surviving partners to the executor of Thomas H. Stanton, viz.:

"As you are aware, the interest of our lamented friend and partner, Thomas H. Stanton, ceases in our business from this date. We have carried to the credit of his estate, *new* account with our Natchez firm,

.Hulda L. Stanton, Administratrix, v. Buckner.

$12,991 45, which is his full distributive share of all profits for the year ending this date, including a reserve balance which stood over from the former year to credit of profit and loss.

" This transfer is but a nominal credit for the purpose of balancing up our books, and will be paid over as we make collections, subject to *his proportion of bad debts* which may result against us in winding up our business. All our profits are outstanding, besides our half a million of dollars in bills receivable and open accounts of our customers, and we can not account for these profits until we realize them.

" Our late partner had no capital in our business, while both survivors have a large cash capital employed, and are also unable to realize now, which we name to show that all our interests are in the same position."

Newman, a witness of the plaintiff, states that at the dissolution of the partnership " the actual state of Stanton's account was a real debit of $7428 75, and a nominal credit of $12991 45." He further explains why Stanton's whole account was not balanced; it was because " he could not balance a real balance against a fictitious credit * * * ."

No fraud or bad faith is alleged against the defendant.

There is nothing presented in this case to justify a departure from the well-settled doctrine that one partner has no action for a specific sum against the other; he must sue for a settlement of the partnership.

It is therefore ordered that the judgment appealed from be annulled and that this suit be dismissed at the costs of the plaintiff in both courts.