LAND, J.
This is an appeal from an order of seizure and sale. The only question that can be raised on appeal in such a case is whether the authentic evidence submitted to the district judge was sufficient to justify the order. See Wood v. Wood, 32 La. Ann. 804.
The mortgage note is for §12,000, payable 12 months after date, to the order of John Christen, the maker, and by him indorsed in blank. The indorsement of the note is recited in the authentic act of mortgage.
The mortgagor in the instrument acknowledged his indebtedness to the mortgagees as follows, viz.: “In the full sum of three thousand dollars cash current money loaned and advanced and nine thousand dollars and interest for which they have endorsed the notes made by him this day in favor of Lawrence E. Lee, a total of twelve thousand dollars.”
The property was hypothecated to secure the payment of said note, principal and interest, to the mortgagees, and any future holders of said note.
William Christen intervened in the act, and mortgaged certain real estate belonging to him for the purpose of further securing the payment of said promissory note.
It was expressly stipulated that, in the event said notes were not promptly paid at maturity, it should be lawful for the mortgagees, or any holder or holders thereof, to cause the mortgaged property to be seized and sold under executory process.
The act contained the usual clauses and waivers.
The defendants contend that the notes in favor of Lee were not produced and made part of the authentic evidence submitted to the judge a quo, and, in the absence of such evidence, it cannot be presumed that the mortgagees paid the said notes. , In other words, their argument is that it was essential that payment should have been proven by authentic evidence, in order to establish plaintiff’s right to executory 'process:' This assumes that the indorsement was not a sufficient consideration for the note, and that the surety can recover only to the extent he has paid.
“A note given for the payee’s assumption of the debt of the maker evidenced by another note is upon sufficient consideration.” Daniel, Neg. Inst. (3d Ed.) § 185, p. 187. See, also, Brandt on Suretyship & Guaranty (2d Ed.) § 218, pp. 330, 331; Randolph, Com. Paper, vol. 2, § 458.
The last-named author cites Little v. Little, 13 Pick. 426, as holding that the payee can only recover the amount actually paid by him before he recovers judgment, and lays down the general doctrine that a surety cannot maintain an action until he has actually made payment. Id. § 978.
Under our Civil Code a surety may sue the debtor before, making payment, “when the debt has become due by the expiration of the term for which it was contracted.” Article 3057. The evidence does not show when the notes in favor of Lee fell due, but defendants’ counsel state in their brief that they matured prior to the date when the mortgage note sued on became due. Be this as it may, it was perfectly competent for the parties to agree that the mortgagees or any future holder or holders of the note might foreclose or sue on the same if not fully paid on or before its maturity. Under this contract, the burden was on defendants to prove payment by him of the Lee notes.
We are of opinion that the authentic evidence submitted to the district judge was sufficient to authorize the order of seizure and sale.
*451 It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed.