No.———

First Circuit

SCHWARTZ BROS. v. PETER SHAHEEN

(February 15, 1928. Opinion and Decree.)
(March 7, 1928. Rehearing Refused.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Fraud—Par. 10; Evidence—Par. 53.**
Under Civil Code, Article 1948, fraud must be proven by him who alleges it.

2. **Louisiana Digest—Evidence—Par. 53, 59.**
Under Civil Code, Article 2232, he who contends that he is exonerated must prove the fact which has produced the extinction of the obligation.

3. **Louisiana Digest—Bills and Notes—Par. 217, 218, 220.**
Under Negotiable Instruments, Act 64 of 1904, Sections 24 and 29, "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon, to have become a party thereto for value."

4. **Louisiana Digest—Bills and Notes—Par. 216; Fraud—Par. 10; Evidence—Par. 53.**
Where the defense to a suit on promissory note is fraud, misrepresentation and error, the burden of proof is on the defendant to prove his defense.

Appeal from the District Court, Parish of Tangipahoa. Hon. Columbus Reid, Judge.

Action by Schwartz Bros. & Co., Inc., against Peter Shaheen.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Kemp & Buck, of Amite, attorneys for plaintiff, appellant.

M. J. Allen and Ponder & Ponder, of Amite, attorneys for defendant, appellee.

ELLIOTT, J. Schwartz Bros. & Co., Inc., alleges itself to be the owner and holder of a promissory note for $696.61, with interest and attorney's fees thereon, payable to its order, executed and signed by Peter Shaheen. It brought suit against the maker to compel payment.

Defendant admits signing the note, but alleges in his answer that his signature to it was obtained through fraud and misrepresentation on the part of the plaintiff. That it was signed by him in error believing at the time, that he was signing a receipt for $2629.98, which the plaintiff owed him that day and paid him, demanding a receipt on said account. That the note is without consideration; that he did not owe the plaintiff at the time.

There was judgment in favor of the defendant and plaintiff appealed.

The note is for the exact amount which was due Schwartz Bros. Co., Inc., at the time, by George Shaheen, defendant's brother.

According to Mr. Adams, employee of plaintiff, defendant had verbally guaranteed the account of George Shaheen. Witness says that he made out the note in question and that Herbert Schwartz, an officer of plaintiff, asked defendant if he understood English, and defendant said that he did. That Mr. Schwartz then read the note to defendant and he signed it. That plaintiff owed defendant at the time $2629.98, and there was some discussion about taking out of it the amount due by George Shaheen. That defendant asked plaintiff not to do so, as he wanted to use the money for another purpose. That plain-

tiff finally paid defendant the full amount that it owed him and took from him this note, payable later, for the amount due it by George Shaheen. That defendant signed it, fully understanding that it covered the amount due plaintiff by George Shaheen.

Defendant, it seems, was unwilling that it be made known to his wife that he had assumed responsibility for the amount due plaintiff by his brother.

The testimony of Mr. Adams is corroborated by that of Tony Marhay. This witness, Marhay, however, made statements to Sam Williams and Mrs. Sharbell some time previous to the suit, to the effect that defendant had not signed a note covering his brother's account. He admits making the statement, saying that he had promised defendant not to let it be known to defendant's wife. Be that as it may. Due to his statements to Sam Williams and Mrs. Sharbell, we leave his testimony largely out of view. Herbert Schwartz was not called as a witness; why it was not done, does not appear.

Defendant contends that he was unaware that he was signing a note and believed from the representations made to him by plaintiff, its agents, etc., that it was a recepit for $2629.98, which was paid at the time of the signing by the plaintiff.

Fraud * * * must be proved by him who alleges it. C. C. Art. 1948. * * * he who contends that he is exonerated must prove the fact, which has produced the extinction of the obligation. C. C. Art. 2232.

Defendant is not corroborated by a single fact or circumstance save statements made by Tony Marhay to Mrs. Sharbell and Sam Williams heretofore mentioned.

The testimony of Adams is supported by the fact that defendant is an active business man, member of the mercantile firm

of Williams Bros. & Shaheen, engaged in the sale of drygoods and general merchandise, and has been for seven or eight years or longer, and is evidently familiar with notes, checks, receipts, etc. On March 7, 1921, he signed a check for $3000.00 in favor of Tony Marhay, the amount being in fact a loan to the plaintiff.

His business made him familiar with the appearance of figures, their meaning, and what they stand for in the matter of amount. Aside from his averments and testimony in the present case, nothing indicates that he could be easily imposed on, in the way claimed. We are satisfied that he can tell the difference between a receipt, note or check at sight.

The defendant has not, in our opinion, sustained the burden of proof as to the fraud, misrepresentation and imposition of which he complains.

As for the contention that the note is without consideration, the amount due the plaintiff by George Shaheen was a sufficient and valid consideration.

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon, to have become a party thereto for value."

Act 64 of 1904, Secs. 24 and 29; N. O. & Carrollton R. R. Co. vs. Chapman, 8 La. Ann. 97; Iberia Cypress Co. vs. Christen, 112 La. 448, 36 South. 490; First State Bank vs. Davis, 139 La. 725, 72 South. 185; cited in plaintiff's brief.

The judgment appealed from, is, in our opinion, erroneous. There should have been judgment in favor of the plaintiff as prayed for.

The judgment appealed from is therefore annulled, avoided and set aside, and it is now ordered, adjudged and decreed that

there be judgment herein in favor of Schwartz Bros. & Co., Inc., and against Peter Shaheen for six hundred and ninety-six dollars and fifty-one cents, with interest at 6% thereon per annum from September 15, 1922, until paid, and 10% in addition thereon, as attorney's fees.

Defendant and appellee to pay the cost in both courts.