**72 So.2d 877**

## PARKER v. DAVIS.

No. 40519.

April 26, 1954.

M. T. Monsour, Gorman E. Taylor, Irving M. Greenberg, Shreveport, for appellant.

J. Edwin Bailey, Jr., Shreveport, for appellee.

FOURNET, Chief Justice.

The plaintiff, L. Erskine Parker, instituted this suit against the defendant, Don H. Davis, praying to be decreed the owner of a 1949 Lincoln Cosmopolitan 4-door sedan, placed in the defendant's name for

convenience only;[1] in the alternative, for judgment of $4,400 (the price paid for the car) with legal interest from December 15, 1948. He is appealing from a judgment dismissing the suit on the defendant's exception of no right of action, based on the contention that inasmuch as the parties were engaged in a joint venture or partnership for the buying, selling, and development of mineral leases and rights, the plaintiff was without right to sue "for a specific sum of money or object in said joint venture and partnership," since there has been no final accounting or settlement thereof, although demand therefor has been made.

It appears from the evidence taken during the trial of the exception of no right of action that the defendant purchased leases and other mineral rights and properties in Beauregard, Claiborne, and Union parishes, Louisiana, as well as in Ouachita County, Arkansas, in accordance with a verbal agreement entered into with the plaintiff in October of 1948 under which the plaintiff was to advance the money needed to purchase such properties and also to pay certain expenses, the parties to divide equally the profits realized from such venture after the plaintiff had been reimbursed for all amounts advanced by him. Following the acquisition of the Beauregard lease the plaintiff, at the re-

quest of the defendant, purchased the car involved in this litigation and placed it in the defendant's name so that he might have a "front" to enable him to promote the development of the properties so acquired, and, on January 25, 1949, he wrote the plaintiff a letter in which he stated: "Even though the Lincoln Cosmopolitan appears solely in my name, it is understood by me that *the car is your property* until such time as we may be able to liquidate its cost from some future operation." In addition, the letter purports to set out certain phases of the agreement with respect to the joint venture, including the understanding that it could be terminated after a 30-day notice. This latter provision was invoked by the plaintiff on March 31, 1950, and this suit followed. (Emphasis added.)

■ It is apt to observe that while the exception is based on the contention that there has been no final settlement of the joint venture, the defendant, testifying in support of the exception stated unqualifiedly the partnership was not only dissolved but that there had been an accounting, the plaintiff taking certain property in Union parish as his share and the defendant retaining the car as his. In fact, he admitted he had mortgaged the car after he had bonded it out from the sequestration. Although such an accounting is denied by the plaintiff, we think that under these

---

1. Under the plaintiff's prayer the car was sequestered when bond of $1,500 was furnished, but was later released to defendant when he furnished a like bond.

circumstances the trial judge erred in dismissing the plaintiff's suit on this exception.

■■ In any event, while we recognize that an action by one partner against another, whether engaged in a joint venture or formal partnership, McCann v. Todd, 203 La. 631, 14 So.2d 469, can only be brought after the dissolution of the partnership with respect to transactions or assets of the partnership, and then for the limited purpose of a final settlement, or to recover a balance determined to be due, Dromgoole v. Gardner's Widow & Heirs, 10 Mart., O.S., 433; Faurie v. Millaudon, 3 Mart., N.S., 476; Mead v. Curry, 8 Mart., N.S., 280; Levy v. Levy, 11 La. 577; Johnson v. Marshall, 4 Rob. 157; Hennegin v. Wilcoxon, 13 La.Ann. 576; Crottes v. Frigerio, 18 La.Ann. 283; Sewell v. Cooper, 21 La.Ann. 582; Stanton v. Buckner, 24 La.Ann. 391; Radovich v. Frigerio, 27 La.Ann. 68; West v. Ray, 210 La. 25, 26 So.2d 22, there are certain well-established exceptions to this rule, Ingersoll Corp. v. Rogers, 217 La. 79, 46 So.2d 45, and it does not obtain when a suit is founded upon a liability allegedly arising out of a transaction independent of the partnership, Boyd v. Brown, 2 La.Ann. 218; Battaille v. Battaille, 6 La.Ann. 682; Alexander v. Alexander, 12 La.Ann. 588; Succession of Alexander, 130 La. 7, 57

So. 534; 40 Am.Jur. 462, verbo Partnership, Section 484, or has as its basis an express promise to the contrary. Rondeau v. Pedesclaux, 3 La. 510; Murphy v. Crafts, 13 La.Ann. 519; 40 Am.Jur. 460, verbo Partnership, Section 479.[2] Consequently, we think the trial judge also erred in maintaining the exception on the evidence, for it clearly shows the automobile purchased by the plaintiff and placed in the defendant's name belonged to the plaintiff individually and was to become the property of the partnership only if and when its cost was liquidated from some future operations of the venture. That is what the defendant's letter stated; this was the testimony of the plaintiff, and also the testimony of the defendant. Whether the plaintiff has been reimbursed for the price of the car out of the operations of the joint venture, either by settlement, as contended by the defendant, or otherwise, is a matter that can only be determined after a trial on the merits.

For the reasons assigned, the judgment appealed from is annulled and set aside, the exception of no right of action is overruled, and the case is remanded to the lower court for further proceedings. The cost of this appeal is to be paid by the defendant. All other costs are to await the final determination of the litigation.

2. See a full discussion of this subject in the annotations at 21 A.L.R. 21–133; 58 A.L.R. 622–634; and 168 A.L.R. 1088–1118.