GLADNEY, Judge.
Plaintiffs brought suit in the City Court of Shreveport, Louisiana, to recover the sum of $150 paid to Mrs. Cora A. Lindsay for one-half interest in certain dry goods and clothing which were to be sold by Mrs. Lindsay and Mrs. Swain. After the institution of the suit Mrs. Lindsay died and by appropriate proceedings the record now discloses that J. L. Lindsay was the sole heir to his wife’s succession and has accepted the same unconditionally. The case was tried on its merits and resulted in a judgment in favor of plaintiffs and against the'defendant, from which judgment J. L. Lindsay has prosecuted this appeal.
For the purpose of this record there is included an agreed statement of facts constituting, as it were, a stipulation between counsel of the evidence adduced upon the trial of the case. The facts so presented disclose that Mrs. Cora A. Lindsay took plaintiffs to a store building which she represented as being her separate and para-phernal property and while there showed plaintiffs several large wooden boxes, which were not opened, and which she represented as containing clothing worth for sale purposes, at least $1,000. Mrs. Lindsay exhibited to Mrs. Swain a writing, which though unsigned, stated the goods or clothing could be sold at the store building. A check for $150 was then delivered to Mrs. Lindsay. Mrs. Swain, in accordance with a previous agreement with Mrs. Lindsay, returned several weeks later and was informed by Mrs. Lindsay that her husband would not permit her to use the store building and that it would be necessary that they peddle the clothes in Mrs. Swain’s car. It also developed that while unpacking the articles which were contained in the boxes Mrs. Lindsay discovered that the best articles belonged to Mr. Lindsay. When all of this developed Mrs. Swain requested! that she receive her money back, but this request was denied.
It is plaintiffs’ contention that misrepresentations by Mrs. Lindsay were such as to nullify the contract and because of such, fraud was actually practiced upon her. The defendant, on the other hand, argues that forasmuch as on one occasion Mrs. Swain did attempt with Mrs. Lindsay to sell some of the clothes, actually a partnership was confected and, therefore, plaintiffs’ remedy is for an accounting from and a settlement of the partnership affairs. In support of his contention is cited Hennegin v. Wilcox-on, 1858, 13 La.Ann. 576. This postulation, however, is inapposite unless a contract of partnership was validly entered into between the parties. The cited authority concerns a partnership in esse.
Our Civil Code provides contracts may be invalidated by reason of fraud and LSA-C.C. art. 1847 treats of the nullity resulting from fraud, and particularly subd. 9 thereof which states that if artifice be practiced by a party to the contract it vitiates the contract. In order to constitute fraud there must be evident the intention to defraud, and an actual loss sustained thereby. Fraud, as applied to contracts, is the cause of an error bearing on a material part of the contract. Where there has been a misrepresentation concerning a material factor which induced a party to enter into an agreement, his or her consent was thus obtained by fraud, and without the consent of a party thereto there can be no contract. See: Winzey v. Louisiana Industrial Life Ins. Co., Inc., La.App.1940, 195 So. 67; Ashley v. Schmalinski, 1894, 46 La.Ann. 499, 15 So. 1; Lopez & Co. v. Thomas McAdam & Co., 1852, 7 La.Ann. 58.
*362 The trial judge in resolving his decision in favor of plaintiffs apparently was convinced that there was material misrepresentations. In our opinion there is no manifest error in the court’s ruling, and accordingly, the judgment from which appealed is hereby affirmed at appellants’ cost.