HARDY, Judge.
This is an action by plaintiff for the recovery of the sum of $8,445.97 alleged to be the amount of unpaid rental due by defendant-lessee for the years 1953-1957, inclusive.
Plaintiff, an elderly woman, owner of a tract of land known as Lakewood Plantation in Tensas Parish, containing a total area of approximately 340 acres, leased the said property to defendant, in consideration of a share rental, prior to the crop year of 1953. At or about the same time defendant leased, on a cash rent basis, what was known as the Harris Place, containing a total acreage of approximately 430 acres, immediately adjoining Lakewood Plantation.
The basis of plaintiff’s claim is that the defendant-lessee unitized the cultivable land in the two leased tracts, and, by asserting the same to constitute one farm, procured an annual cotton allotment of 196 acres under the regulations of the Federal Agricultural Adjustment Act; that defendant-lessee fraudulently allocated the proportionate part of the total cotton allotment acreage to the detriment of plaintiff, and, as a result, illegally deprived her of the share crop rental which should have been based upon the fair proportionate allotments between the two leased properties. Plaintiff seeks to recover by this action the value of the difference in the cotton actually raised on the allocated lands of the Lakewood Plantation and the amount which should have been raised upon the amount of land available for the planting of cotton upon a fair proportionate basis between the two separate tracts.
Defendant, after interposing a plea of three years prescription against the claims-for the years 1953, 1954 and 1955, answered plaintiff’s petition, generally denying the-allegations thereof.
In a written opinion the district judge-overruled the plea of prescription on the-ground that defendant had committed a-. legal fraud; found there was a willful and bad faith diversion of acreage, a consequent failure to plant the full allotment to which' plaintiff’s property was entitled, and, aften a painstaking computation of difference in rent due for the years 1953-1958, inclusive, rendered judgment in favor of plaintiff in the principal sum of $3,344.32, from which judgment defendant prosecutes this appeal..
 We think there is no question, in consideration of the testimony of Mr. L. W. Penton, the County office manager for the Agricultural Stabilization and Conservation Committee, that the defendant-lessee-was guilty of requesting and receiving disproportionate assessments of cotton acreage allotments as between the Walton and Harris lands, to the substantial detriment of the former. Nor do we find that there is any reasonable doubt as to the conclusion that this action was taken in bad faith and' for the exclusive purpose of increasing the-profit accruing to defendant-lessee.
The plea of prescription urged on behalf of defendant is predicated upon LSA-C.C. Article 3538. Counsel for defendant contends that in the absence of fraud the plaintiff’s claim for rental or damages is prescribed with respect to the years 1953, 1954' and 1955, the instant suit having been filed July 6, 1959. In the effort to combat the establishment of fraud, counsel relies upon *311 the well established principles that fraud is never presumed; that one alleging fraud must prove the same by legal and convincing evidence, and that the probable existence of fraud or establishment of circumstances of a suspicious character is not sufficient, since the proof required must be stronger than a mere preponderance of evidence; citing Buxton v. McKendrick, 223 La. 62, 64 So.2d 844; LSA-C.C. Article 1848; Schwartz Bros. v. Shaheen, 8 La.App. 68, and Sanders v. Sanders, 222 La. 233, 62 So.2d 284.
With all of the above principles we are in complete agreement and we further concede counsel’s contention that two elements essential to the establishment of legal fraud are the intention to defraud and a consequent loss or damage; Swain v. Lindsay, La.App., 85 So.2d 360; Colvin v. Division of Employment Security, La. App, 132 So.2d 909; LSA-C.C. Article 1847.
It is pointed out that the trial judge overruled the plea of prescription on the ground that while defendant “ •* * * may not have intended to commit an actual fraud there are strong implications that by the diversion of the Walton acreage to the other property, legal fraud was committed.”
While it is true, under the provisions’ of LSA-C.C. Article 1848, that fraud must be proved, the article further provides that such proof may be effected by simple presumptions or by legal presumptions as well as by other evidence, and specifically declares “the maxim that fraud is not to be presumed, means no more than that it is not to be imputed without legal evidence.”
In Jones, et al. v. Mason, et al., 234 La. 116, 99 So.2d 46, 48, the opinion of Mr. Justice Hawthorne clearly states the definition and applicability of such a presumption in the following language:
“Article 2284 of our Civil Code defines presumptions as ‘consequences which the law or the judge draws from a known fact to a fact unknown’. See .also art. 2288, La:Civ.Code. Moreover, in State ex rel. Woodard v. Ozley, 203 La. 579, 14 So.2d 452, 455, this court said:
“ ‘The facts from which an inference or presumption is drawn must not only be established in evidence, but the inference or presumption to which the proven facts give rise must be strong and almost inevitable.’ ”
We find ourselves somewhat at variance with the conclusion of the district judge, for our appreciation of the testimony, particularly that of the defendant himself, is that he intentionally diverted acreage from plaintiff's property. The obvious effect of such a purpose resulted in an unjust benefit to the defendant with respect to his relationship with plaintiff. The presumption of the intention to defraud appears inescapable. The consequent loss or damage to plaintiff is equally clear. Under these circumstances, we think the plea of prescription was properly overruled.
The establishment of the actual damage to plaintiff, as we have above noted, was painstakingly computed by the trial judge. In this computation the judge considered, year-by-year, the factors of percentage of cotton acreage which should have been allotted to plaintiff’s property, the actual acreage planted, the difference between these first two quantities representing the total additional number of acres which should have been planted on plaintiff’s property, the average yield in bales per acre, the additional number of bales which should have accrued to the benefit of plaintiff, the one-fourth share rent to plaintiff as lessor, and the value thereof. Upon the basis of the above elements the judge fixed the total additional amount of rental due for the years 1953-1958, inclusive, as being $3,344.32.
After examination of the above statement, we are unable to find any error therein with one exception. The Agricultural Adjustment Act, 7 U.S.C.A. . § 601 et seq., which subsequently controlled cotton acreage allotments and marketing quotas, was *312 not in effect in the year 1953, and, accordingly, it is necessary to reduce the total amount allowed by the district judge to the extent of the sum of $820.20, which he computed to have been due plaintiff as additional rental under the allotment program for the year 1953.
It is quite possible that there may be other errors in connection with the amount to which plaintiff is found to be entitled, but it should be pointed out that the record discloses that neither of the parties to this litigation made any effort to procure and establish an independent audit of the rental account existing between them. Therefore, any error which favors or detracts from the claim of either party must be attributed to their own fault.
For the reasons assigned the judgment appealed from is amended by decreasing the amount of the judgment from the principal sum of $3,344.32 to the amount of $2,524.12, and, as so amended, the judgment is affirmed at appellant’s cost.