YARRUT, Judge.
Plaintiff sued Mr. and Mrs. Maude Franklin for the balance due on a promissory note. The note was made payable to Scott Fence and Insulation Co., Inc. and had been purchased by Plaintiff. Mr. and Mrs. Franklin filed a third-party demand against Scott Fence and Insulation Co., Inc., alleging that their signatures on the note in the amount of $622.80 had been fraudulently obtained as they were told that the insulation work for which the note was given would cost no more than $445.00. Mr. and Mrs. Franklin paid $445.00 but refused to make any further payments on the note.
The Trial Judge rendered judgment in favor of Plaintiff and against Mr. and Mrs. Franklin for $177.00, together with legal interest from judicial demand, together with 25% of the principal as attorney’s fees and all costs. He further rendered judgment in favor of Mr. and Mrs. Franklin against Scott Fence and Insulation Co., Inc. for $177.00, together with legal interest from date of judicial demand, together with 25% of the principal as attorney’s fees, and all costs. From this judgment Scott Fence and Insulation Co., Inc., third-party Defendant, has taken this appeal.
Mr. and Mrs. Franklin filed a copy of the contract in evidence which showed that they agreed to pay $445.00. However, Scott Fence and Insulation Co., Inc. filed into evidence another contract showing the amount payable as $495.00, and a copy of an application for credit showing the amount to be $495.00. It further introduced a promissory note in the amount of $622.80. All documents were admittedly signed by Mr. and Mrs. Franklin.
Mr. Floyd Desormeaux, manager of Plaintiff Company, testified that he paid Scott Fence and Insulation Co., Inc. $495.00 for the note and that the difference between this and $622.80 was the life insurance charge and the finance charge for a period of three years. Although Mr. and Mrs. Franklin testified that the salesman, Mr. Floyd J. Forsythe, told them that their total expenditure would be only $445.00, they both admitted signing the note in the amount of $622.80. Mr. Franklin did not know whether or not the note was completely filled in at the time and Mrs. Franklin said that the amount on the note she signed was $445.00.
From the face of the note, it is evident that the figure has not been altered. Further, Mr. Forsythe denied that he told Mr. and Mrs. Franklin that the total charge would only be $445.00. When the signature on a note is shown to be that of the maker, the burden is upon the maker to show fraud or misrepresentation. Hale v. Fornea, La.App., 79 So.2d 124; Shaddock v. Hawkins, La.App., 190 So. 843; Fadaol v. Rideau, 13 La.App. 551, 128 So. 193; Schwartz Bros. v. Shaheen, 8 La.App. 68.
Further, the burden upon one who charges fraud is to establish this allegation by exceptionally strong proof more onerous than a preponderance of the evidence. Armstrong v. Copeland, La.App., 194 So.2d 801; Williams v. Morgan, La.App., 180 So.2d 11.
In this case, Mr. Franklin testified that he did not know whether or not he had signed an incomplete or a complete instrument, and Mrs. Franklin testified that although her signature was on an unaltered note in the amount of $622.80, that. she thought the figure on the note was for only $445.00. Therefore, we find that Mr. and Mrs. Franklin have not proven fraud even by a mere preponderance of the evidence.
For the above reasons, the judgment appealed from is reversed, and the third-party demand against Scott Fence and Insulation Co., Inc. is dismissed; third-party Plaintiffs to pay all costs in both courts.
Judgment reversed.