PRICE, Judge.
Lester Braddock brought this action seeking judgment against Homer Glosup for the alleged balance owed on three promissory notes executed by Glosup on November 26, 1965, and for recognition of a vendor’s lien and chattel mortgage given to secure the indebtedness. In responsive pleadings to plaintiff’s petition defendant alleges a lack of consideration for the execution of the notes, prescription, and alternatively the defense of redhibition.
The record reflects the notes were signed by Glosup in connection with an alleged sale on terms of credit of a used Case Combine for harvesting soybeans. The transaction stems from the following sequence of events. Plaintiff, a. farmer and gin operator at Gabon in Morehouse Parish, became ill prior to completing the harvesting of his soybean crop in November of 1965. Defendant, who was acquainted with plaintiff, voluntarily assisted plaintiff’s employees in harvesting the soybean crop, using the Combine which is involved in this litigation. At the conclusion of this work the parties discussed defendant using the Combine for custom or contract harvesting for farmers in the area. Defendant took possession of the equipment and signed the three notes and a chattel mortgage form which are in question. It is defendant’s contention that he did not agree to an outright purchase of the Combine but took the machinery at plaintiff’s insistence on a trial basis to see if he could make any money with it. He contends no definite sales price was agreed upon and that he was to pay plaintiff a percentage of what he earned in using the combine. He further contends the note and mortgage forms were not filled in at the time he signed them and that plaintiff suggested they be executed to show to an equipment dealer whom plaintiff owed for the machinery.
Defendant further contends the Combine was worn out and in such a defective condition it could not be used for the purpose intended, and after attempting to repair and use it the following harvest season (fall of 1966), he offered to deliver it back to plaintiff and pay him $500.00 for its use.
The notes in question are all dated November 26, 1956, and paraphed by Thomas H. B. Rankin, Notary, for identification with an act of chattel mortgage of even date. One is for $250.00 with no due date provided. The other two notes are for $1,000.00 each and have maturity dates of one and two years.
Plaintiff’s suit was filed on September 28, 1971. The trial judge sustained the plea of prescription as to the note for $250.00 and overruled the plea as to the two one thousand dollar notes. Judgment was rendered for plaintiff in the sum of $2,000.00, plus interest of eight percent and attorney’s fees of twenty-five percent as provided for in the notes.
Defendant has appealed devolutively from the judgment of the trial court contending the trial judge erred in his ruling on the issue of prescription, the defenses of lack of consideration and redhibition.
We shall discuss the issue of prescription and the defense of lack of consideration together as the factual circumstances giving rise to both of these defenses are interwoven. Defendant contends prescription begins to accrue on all three of the notes from the date of execution on November 26, 1965, rather than the due dates shown on the two one thousand dollar notes as no due date was contained in these instruments at the time they were signed by him. Thus under the provisions of LSA-R.S. 7:7, these instruments should be considered *680 as payable on demand and prescription of five years under La.C.C. art. 3540 would have accrued on November 26, 1970, prior to the filing of plaintiff’s suit in September of 1971.
Resolution of this issue turns on the determination of whether or not the printed note forms were executed by defendant as blank forms which were later completed by plaintiff without defendant’s authority or permission.
The testimony of the parties and the witnesses called by each is contradictory and irreconcilable on these crucial questions.
Defendant testified the discussion with plaintiff which culminated in his taking the Combine on a trial basis took place in the front yard of plaintiff’s residence and that plaintiff brought the blank forms of the notes and chattel mortgage from his house and he signed them on the hood of an automobile pursuant to the explanation this would be necessary to satisfy the firm which originally financed the equipment. Jerry McDaniel, an acquaintance of defendant, testified he was present at the time of the discussion. His testimony is substantially in accord with defendant’s version of the transaction. Plaintiff testified the negotiation between the parties took place in the den of his residence in the presence of his wife and her sister whose signatures appear on the chattel mortgage form as witnesses. He contends an agreement was reached for defendant to purchase the machine and that he called an equipment dealer to get a fair price of a used machine. The amount suggested was $2,250.00 and the parties agreed defendant would pay $250.00 of the amount as soon as he earned this amount and the balance of $2,000.00 over the next two yearly seasons. Defendant was to come back a day or so later and sign the necessary notes and mortgages.
Plaintiff further contends he instructed his bookkeeper to prepare the three notes and chattel mortgage in accord with this agreement.
The agreement was made on November 24th, according to plaintiff, and defendant returned on November 26th to complete the transaction. At that time he signed the mortgage forms at the residence and the parties went to Mer Rouge for defendant to sign the notes before a notary. The dates on the notes were changed by the Notary from November 24th to November 26th to accord with the actual date of signing.
Plaintiff’s wife and her sister, Mrs. Ellen Ferrell, each testified they were present in the den of the plaintiff’s home when defendant signed the chattel mortgage. They affirmed the blanks in the instrument were filled in at this time. Mrs. Braddock testified she accompanied her husband to the Notary’s office on the date of November 26th when defendant signed the notes.
The testimony shows the notary passed away prior to the trial of this matter.
In his reasons for judgment the trial judge, after reviewing and evaluating the conflicting testimony, concluded:
“There is absolutely no way in which the Court could put the evidence together and reconcile the plaintiff and his witnesses with the defendant and his witnesses. The Court finds it difficult however to believe that a transaction had been made as described by the defendant and then documents whether they be blank or otherwise, formally executed. The Court finds the preponderance of the evidence with the plaintiff.”
This a classical situation for the application of the rule that the finding of a trial judge on disputed factual issues which must be resolved by an evaluation of the credibility of the witnesses’ testimony should not be disturbed by the appellate court unless manifestly erroneous.
*681 We find no error in the trial judge’s conclusion and find it amply supported by law and logical reasoning.
• Defendant, having admitted his signature on the notes and mortgage, has the burden of showing he signed by reason of misrepresentation or fraud. United Credit Plan of New Orleans, Inc. v. Franklin, 221 So.2d 334 (La.App. 4th Cir. 1969). This he has failed to do. He testified he had not agreed to purchase the machine. On the other hand he testified to making extensive repairs and spending a considerable amount of money on equipment which was not his. It is difficult to believe that plaintiff would have agreed for defendant to take possession of the Combine without any understanding on how much defendant would pay for the machine if he decided to keep it or how the amount would be paid.
Although there are some irregularities in regard to the method of execution of the notes and chattel mortgage before the Notary Public which would cause some doubt as to the enforceability of the mortgage, no recognition of the rights under the mortgage was granted in the judgment appealed from. We do not find these discrepancies or irregularities to affect defendant’s obligation on the notes.
We find no merit to the defense of redhibition. The record shows defendant worked with the Combine for several days and observed it harvesting plaintiff’s crop. Although he denies having driven the ma- .. chine, he contends he worked on it to keep it operating. In his testimony he contends the machine was obviously worn out and defective at the time it was being used to harvest plaintiff’s crop.
In view of defendant’s testimony in this regard, and as he had ample opportunity to observe its condition and operation prior to purchase, we find he is precluded from claiming any relief under the doctrine of redhibition by the provisions of La.C.C. art. 2521, which provides.
“Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.”
For the foregoing reasons the judgment appealed from is affirmed at appellant’s costs.