HÉLÈNE JEAUDRON and Husband v. ZEPHYR BOUDRAUX, Tutor, &c.

A widow has a right to recover her paraphernal estate, independently of any settlement of the community. She cannot be charged with her share of particular debts due by the community, but only with the final balance, on a settlement of the estate, in case she has, either tacitly or expressly, accepted the community.

One partner cannot sue another for particular sums paid on account of the concern; the action must be for a final settlement of the partnership, and for the balance due after such liquidation.

APPEAL from the Court of Probates of Lafourche Interior, *Knoblock*, J.

BULLARD, J. The plaintiff, Hélène Jeaudron, sues in this case to recover from the tutor of her children, who are the heirs at law of her former husband, an amount inherited by her during marriage, alleged to be $824 41. The defendant pleads various small sums in compensation, which he alleges were paid to the plaintiff, Hélène, on account of her paraphernal estate. Judgment was rendered for her, allowing her only a small part of her demand, and she appealed.

We think that the plaintiff, Hélène, was chargeable in this action, with only such sums as were received by her on account of her separate claim, and not with any share of the debts of the community paid by the curator. The widow has a right to recover her paraphernal estate, independently of any settlement of the community, as we held in the case of *Robin et als.* v. *Castille*, 7 La. 292. The representative of the estate has no right to charge her with her share of particular debts due by the community, but only with a final balance, on settlement, if she has accepted the community either tacitly or expressly. Such a proceeding would in substance charge her with a part of the debts, without rendering an account to her of her share of the common property. The case is analogous to that of one partner suing another for particular sums paid on account of the concern, which we have often held could not be done, but that there should be a final settlement of all the partnership accounts, and an action only for the balance due on such liquidation.

The just credits against the plaintiffs' demand, according to these principles, appear to amount to $436 19; the other items either being without proof, or liable to the objections above stated. The rights of the estate on account of the payment of debts, is reserved for a final settlement of the community.

The plaintiffs' counsel contends that she is entitled to interest from the opening of the succession, under article 989 of the Code of Practice. We are of opinion that this is a debt due by the estate upon which interest may be claimed, but as partial payments were made, interest must be calculated from the last payment, to wit, March 29, 1838.

The judgment of the Court of Probates is therefore reversed, and ours is for the plaintiffs for the sum of three hundred and eighty eight dollars and twenty two cents, with interest at five per cent from the 29th of March, 1838, and costs in both courts.

*Miles Taylor*, for the appellant. No counsel appeared for the defendant.