## MARTIAL CROTTES v. LOUIS J. FRIGERIO.

It has been repeatedly held by this Court that a partner cannot sue his co-partner for sums paid or advanced for the partnership, or funds placed in it, or goods furnished, or profits made, or losses incurred during its continuance until a final settlement, and then only for the balance which may be due. And even in a special partnership, a partner cannot sue his co-partner for a special item; it must be for a general settlement.

APPEAL from the District Court of Parish of St. Tammany, *Martin*, J. *H. G. Penn*, for plaintiff. *A. Hennen*, for defendant and appellant.

ILSLEY, J. The plaintiff claims from the defendant the value of seventeen bales of cotton, received by him in 1864 or 1865, of the value of three hundred dollars per bale; and also the sum of two thousand one hundred

and eighty-five dollars, for cash advanced by him to the defendant, in the same year.

An exception was filed to the vagueness of the plaintiff's petition, inasmuch as it does not state how, or for what cause, he claims title to the seventeen bales of cotton, whether by *partnership,* or otherwise. The exception was overruled, and a general denial pleaded, accompanied by a demand in reconvention. This reconventional demand was properly dismissed,

On the disclosure of the facts of the case on the trial, it is shown that the plaintiff and defendant were in copartnership in the purchase of cotton on speculation, to be sold in New Orleans; see the testimony of John Strenna, and the written statements of the plaintiff on file in the suit.

It has been repeatedly held by this Court that a partner cannot sue his co-partner for sums paid or advanced for the partnership, or funds placed in it, or goods furnished, or profits made, or losses incurred during its continuance until a final settlement, and then only for the balance which may be due. *Cambrory* v. *Tapery,* 2 An. 10; 8 N. S. 280; Story on Partnership, 221, 348, and notes; 3 An. 590; 4 A. 534; 11 A. 509. And even in a special partnership, a partner cannot sue his co-partner for a special item; it must be for a general settlement. *Wood* v. *Fort Adams,* 6 N. S. 83.

In *Bennigen* v. *Wilcoxen,* 13 A. 576, this Court said : "Where in an action by one partner for a specific partnership debt against his copartner, who pleads in compensation specific partnership claims, a judgment will not finally liquidate the partnership, both parties will be non-suited. *Austin* v. *Vaughan,* 14 An. 576.

The defendant did not except specially to the form of the present action, but merely to the vagueness of the petition, in not setting forth his title to the cotton claimed by him, whether by *partnership* or otherwise; but in *Noble v. Martin,* 7 N. S. 280, this Court observed, that "even on the general issue a partner sued by another may show that the plaintiff cannot recover, because he could only sue for a general settlement, not a particular item."

It is very evident that all the matters in controversy between the parties to this suit are partnership affairs, and it is therefore necessary that the whole partnership should be liquidated.

The judgment of the lower Court, which was in favor of the plaintiff, must be reversed.

It is therefore ordered, adjudged and decreed that the judgment of the lower Court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed that judgment be and it is hereby rendered against the plaintiff as in the case of non-suit, and in favor of the defendant, with costs in both Courts; and it is further ordered that the reconventional demand filed by the defendant be dismissed, at his costs.