McCALEB, Justice.
 

 This is a suit for the dissolution, liquidation and settlement of a partnership existing between plaintiff and defendant, Gilbert J. Moore, coupled with individual demands by the partners (original and reconventional) for personal judgments against each other for indebtedness growing out of the partnership relation.
 

 Plaintiff alleges, in substance, that, in 1945, he and Moore (then a resident of Louisiana but now domiciled in Texas) established a commercial partnership, known as “Frierson Lumber Company”, for the general purpose of engaging in the sawmill business including the buying of standing timber and cut logs, their manufacture into lumber and disposition in the regular course of trade; that the domicile of the partnership is in Caddo Parish, where its general business was handled and controlled; that the partnership was operated for some time but that, although it has ceased active operations, it has never been dissolved, its affairs settled, the business liquidated and the partners’ accounts adjusted; that the interests of the partners were equal, each being obligated to contribute to the business and participate equally in the profits and losses; that the part
 
 *695
 
 nership owes no debts tO' outsiders, save a small sum in ad valorem taxes, but that Moore is indebted to petitioner in a large sum resulting from disproportionate contributions by petitioner to the partnership amounting to $6860.31 and that Moore’s account, as revealed by the books of the partnership, shows that there is a net credit in his favor of $1664.02. Wherefore plaintiff prayed that a nonresident writ of attachment issue commanding the sheriff of Caddo Parish to seize property belonging to Moore, within the jurisdiction of the court, sufficient to discharge and satisfy the claim against him, to1 hold said property subject to further orders of the court and that a curator ad hoc be appointed to represent him; that there be citation and service of the petition upon Frierson Lumber Company; that, after due proceedings, there be judgment dissolving the partnership and dispensing with a formal audit of its affairs; that judgment be also rendered in petitioner’s favor and against Frierson Lumber Company for $6860.31, with interest from judicial demand and ordering that the assets of said Frierson Lumber Company be sold at judicial sale and petitioner paid the amount of his claim therefrom and that, in addition, there be judgment in favor of petitioner and against Moore for one-half of any amount still due petitioner after the application of the proceeds of the sale of the partnership property.
 

 On the showing made by plaintiff in his petition, a writ of attachment issued and the Sheriff of Caddo1 Parish seized defendant’s interest in Frierson Lumber Company under the writ. Frierson Lumber Company was cited and served but, upon its failure to answer within the time provided by law, a preliminary default judgment was entered. In due course, Moore appeared and for answer to plaintiff’s petition admitted the formation of the partnership but denied any indebtedness to plaintiff as a result of its operations. He also filed a reconventional demand in which he set forth that plaintiff was indebted to him in the sum of $66,236.57 as a result of plaintiff’s improper conduct of the partnership business; that, by agreement between the parties, the output of the lumber manufactured at the Frierson mill was delivered to plaintiff at his place of business at Shreveport for the purpose of processing it, for which plaintiff was to receive $10 per thousand feet of lumber; that plaintiff commingled the lumber received from the Frierson mill with other lumber of his own and thereafter failed to properly account for the same, crediting defendant with lumber that was inferior as to grade, size and kind. Conformably, Moore prayed that the partnership be dissolved and its assets liquidated; that all demands of plaintiff be denied and that he have judgment in reconvention against plaintiff for $66,236.57.
 

 The day before the answer was filed, plaintiff filed a supplemental petition in, which he alleged that, since the institution1
 
 *697
 
 of the suit, he had expended $268.20 for night watchman service at the site of the Frierson Lumber Company mill and he prayed that judgment be allowed him for this amount and all sums that would be expended by him during the pendency of the suit for night watchman service, “rent on the property” and for any other sum required for its preservation.
 

 In answer to plaintiff’s supplemental petition, Moore denied liability for plaintiff’s expenditures and amended his reconven-' tional demand so as to claim the additional sum of $26,739.63, damages for loss of profits on lumber allegedly appropriated and not accounted for by plaintiff. And he reiterated his prayer that the partnership be dissolved, its assets liquidated; that he recover judgment out of the assets of the partnership and that, in the event the assets are insufficient, he be given judgment against plaintiff for the additional sum claimed in the amended reconventional demand.
 

 Notwithstanding the pleadings and the prayers of the respective partners for a liquidation and settlement of the affairs of Frierson Lumber Company, nothing whatever was done with regard thereto and, for aught it appears, these important matters were completely abandoned. Indeed, the partners proceeded to obtain a trial of their individual disputes, as though the partnership was nonexistent and the case solely involved their personal demands. After hearing the evidence, the judge found for plaintiff and against Frierson Lumber Company for the sum of $6433.07 and in plaintiff’s favor against Moore in the sum of $2729.84. Moore has appealed from the adverse decision.
 

 It seems patent, from the foregoing statement of the pleadings and issues in this case, that the judgment rendered below is not only irregular but, we think, not sustainable. The suit was for the liquidation and settlement of the partnership known as “Frierson Lumber Company”, the individual liabilities of the partners to each other for causes of action arising out of . the partnership relation being ancillary to the principal object and could not be satisfactorily determined until the dissolution and liquidation of the partnership was accomplished. It is axiomatic in Louisiana, and the rule is the same in practically all courts of last resort of the several States and those of the United States, that an action “is not maintainable between partners with respect to partnérship transactions, unless there has been an accounting or settlement of the partnership affairs”. See 21 A.L.R. 34 with numerous authorities there cited, including twenty-seven decisions of this court.
 

 In Martin v. Seabaugh, 128 La. 442, 54 So. 935, 937, it was said: “Nothing is better settled in our law than that a partner has no cause of action against his partner for any definite sum as representing his share of the profits of the partnership, but only for a settlement of the part
 
 *699
 
 nership. Seelye v. Taylor, 32 La.Ann. 1115; Hart v. McDonald, 52 La.Ann. 1686, 28 So. 169; Reddick v. White, 46 La.Ann. 1198, 15 So. 487.” See also Ingersoll Corporation v. Rogers, 217 La. 79, 46 So.2d 45 and cases there cited.
 

 Obviously, then, it was improper to consider the individual demands of plaintiff and Moore in advance of a settlement of the partnership affairs. The reason for this is stated in Quintero v. Caffery, 160 La. 1054, 108 So. 87, 99, to be that “Partners, inter sese, are not liable as they would be to third persons, each for his share of the debt, but each partner is liable to the firm for what he has overdrawn, and the firm is liable to the other partner or partners for the balance due him or them.”
 

 Hence, plaintiff is not indebted to Moore, or vice versa. Either one or the other may be ultimately found to be debtors or creditors of Frierson Lumber Company, as the case may be. But that cannot be ascertained until there has been a, full liquidation of the affairs of the partnership. It appears from the record that Frierson Lumber Company owns a mill and other assets which must first be disposed of and the liabilities of'the partnership paid before the accounts of the partners are finally settled.
 
 [1]
 

 The failure of counsel for Moore to urge that the judgment of the trial court be set aside on the above stated ground has given us some concern. However, we have concluded that the rules respecting the orderly liquidation and settlement of partnership affairs are so deeply ingrained in our procedure that it is not only proper but the duty of this court to refuse to countenance evasions and violations thereof. And, upon investigation, we find that our action in taking notice of the errors committed below is not without precedent — ■ for, in Crottes v. Frigerio, 18 La.Ann. 283, where the defendant, who’ had been sued by his partner for a partnership debt prior to its dissolution did not raise the point specially, the court nevertheless ruled that plaintiff’s suit would be dismissed as in case of nonsuit as it was “evident that all the matters in controversy between the parties to this suit a;re partnership affairs, and it is therefore necessary that the whole partnership should be liquidated”.
 

 Again, in Amacker v. Kent, 144 La. 545, 80 So. 717, 722, where the court found that the parties were not partners but engaged in a joint adventure not yet completed, it was concluded that the judgment in plaintiff’s favor was premature and the court, apparently on its own motion, remanded the case “for the further liquidation of the transaction” and for the ascertainment of the balance due plaintiff and consideration of the claim of defendant under his reconventional demand.
 

 
 *701
 
 In the case at har, both parties, according to their pleadings, seek an orderly liquidation and settlement of Frierson Lumber Company. Since this has not been accomplished, the judgment herein rendered in plaintiff’s favor aganist the part- ■ nership and Moore is premature and, as in Amacker v. Kent, it must be set aside and the case remanded for the complete liquidation of the partnership and the ascertainment of any balances which may be due by the partnership to plaintiff and Moore. After this is done, the question of the liability of the partners to each other can be determined.
 

 The judgment appealed from is set aside and annulled and it is now ordered that this cause be remanded to the district court for further proceedings consistent with the views herein expressed. The costs of this appeal are to be borne equally by Jesse W. Jeffries and Gilbert J. Moore. The taxation of other costs are to await final disposition of the case.
 

 [1]
 

 . Article 2890 of our Civil Code provides for a partition of the partnership assets between the partners, under the rules applicable to the partition of successions.