SAMUEL, Judge.
This is a suit for the dissolution and liquidation of a commercial partnership engaged in the photographic business and composed of two partners, Robert D. Nelson and Eugene S. Guccione. The suit was instituted on February 9, 1960 on the joint petition of both partners.
The petition alleges: the partnership commenced business in New Orleans on April 13, 1959 and was dissolved by mutual consent of the partners on November 20, 1959; the partnership has unfinished contracts, unpaid creditors and some rework remaining to be done; the petitioners are unable to reach an agreement as to how these matters are to be resolved or how the disposition of assets receivable which had been collected and retained by each partner should be divided; and the petitioners desire to place the assets of the partnership in the hands of a liquidator appointed by the court so that all debts will be paid, all moneys collected and all contracts complied with. The petition prays that a liquidator be appointed to collect all assets of the partnership, to pay all its debts and to wind up its affairs and that a full and final accounting be made.
In compliance therewith the court appointed a ■ liquidator who proceeded with the liquidation. During the month of May, 1961 the liquidator filed his final account and prayed that notice of the same be published according to law and that, in due course, the account be approved and homol-ogated. The court did order publication of notice of filing of the final account and did order that the petition for homologation be placed in the Receiver’s Book. The latter appears to have been done; the record contains a certificate by a deputy clerk stating the petition was spread upon *132 the Receiver’s Order Book. But the liquidation has not been completed; notice of the filing of the liquidator’s final account has never been published, that account has not been approved or homologated, and the liquidator has not been discharged.
1 On the same day the liquidator filed his final account Nelson filed a petition in which he alleged Guccione was indebted to him in the total amount of $3,076.11 for Nelson’s share of partnership collections allegedly withheld by Guccione and for services rendered by Nelson on behalf of the partnership after the partners had agreed to its dissolution. Guccione answered denying any indebtedness to Nelson and reconvened for $13,184.55 which he alleged Nelson owed him for payments of certain partnership debts, which payments had been made by Guccione, and for partnership supplies and money which Nelson allegedly diverted to his own use. Nelson answered the reconventional demand denying the allegations thereof. The trial judge then transferred the matter to the Court Commissioner for the Civil District Court for trial and appointed a certified public accountant to assist the Commissioner.
On July 13, 1964, following the hearing of testimony over a period of many weeks, the Commissioner filed his report which included a statement of the pleadings and of the facts as he found them, together with his opinion and his recommended judgment. Both Nelson and Guccione filed exceptions to the Commissioner’s report. After a hearing thereon the trial judge rendered a judgment in favor of Guccione and against Nelson in the sum of $2,515.89, subject to a credit of $304.77 which remained in the liquidator’s account and which was ordered paid to Guccione, leaving a remaining balance of $2,211.12 owed by Nelson in his individual capacity. The judgment also decreed that all costs be paid by Nelson, that there be legal interest in favor of Guccione on the sum of $2,211.12 from judicial demand until paid, and that the partnership be dissolved. Nelson has prosecuted this appeal therefrom. In this court appellant seeks a reversal of the judgment appealed from and a judgment in his favor as prayed for in the petition he filed during the month of May, 1961.
Unfortunately, for the reason that the liquidation of the partnership has not been completed, we cannot decide the questions and issues the litigants have 'argued before us.
Under our jurisprudence the individual liabilities of partners to each other for causes of action arising out of the partnership relation are ancillary to the principal object of a suit for dissolution and liquidation of a partnership; those liabilities cannot be satisfactorily determined, and a judgment purporting to make such a determination is premature, until after the dissolution and liquidation of the partnership has been accomplished. Jeffries v. Moore, 219 La. 692, 53 So.2d 898; see Darden v. Cox, 240 La. 310, 330, 123 So.2d 68, 75; Crottes v. Frigerio, 18 La.Ann. 283.
We find the instant case differs from Jeffries v. Moore, supra, in only one immaterial respect: In Jeffries, although it was prayed for, nothing was done towards the liquidation and settlement of the affairs of the partnership, while here steps were taken in the liquidation and settlement of the affairs of the partnership but the same were never completed. In both cases all parties, according to their pleadings, sought and seek an orderly liquidation and settlement of the partnership and none of the parties urged or urge that the trial court judgment be set aside on the ground we are discussing.
Accordingly, we follow Jeffries and hold that the judgment appealed from is premature. It must be set aside and the case remanded for the complete liquidation of the partnership. Only after this is done can the question of the liability of the partners to each other be determined.
For the reasons assigned, the judgment appealed from is set aside and annulled *133 and it is now ordered that this matter he remanded to the trial court for further proceedings consistent with the views herein expressed; costs of this appeal to he home equally hy appellant and appellee; all other costs to await a final disposition.
Annulled, set aside and remanded.