SCHOTT, Judge.
Plaintiffs, as the liquidators of a partnership, instituted these proceedings against ten general partners alleging that the partnership agreement provided in pertinent part as follows:
“The net losses of the partnership annually shall be . borne by the general partners in the proportions set opposite their respective names . . . ”
They alleged further that the partnership suffered losses in each of the years from 1969 through 1974 and prayed for judgment against each defendant in various amounts.
Six of the defendants filed various peremptory, declinatory and dilatory exceptions. One of these defendants settled his case. With respect to the remaining five, the trial judge maintained their exceptions of no cause of action and dismissed plaintiffs’ suit against them. From this judgment plaintiffs .have appealed.
The basis for the exceptions of no cause of action filed by defendants is that a partner is not liable for the payment of a specific sum before there has been a final accounting and settlement of partnership affairs. They cite a plethora of cases in our jurisprudence which stand for the proposition that a partner cannot be required to account to his other partners for a debt arising out of their relationship as partners until the partnership has been completely liquidated and there has been a final accounting for all partnership assets and *1255 liabilities and a final settlement of all partnership affairs. However, they acknowledge that the jurisprudence has supplied an exception in that the rule does not apply where the parties have by express agreement segregated a particular item of account from the partnership settlement. Parker v. Davis, 225 La. 359, 72 So.2d 877 (La.1954), Rondeau v. Pedesclaux, 3 La. 510 (1832).
Plaintiffs have alleged that there was a special agreement among the partners with respect to each bearing his proportion of the annual losses of the partnership so that they allege facts which give rise to the principle enunciated in the cited cases. Defendants attempt to distinguish the Rondeau ease on the theory that the partnership agreement there provided that the partners would sign a note for their indebtedness, the defendant partner in the case did sign such a note and this constituted a true segregation from other partnership accounts of the particular indebtedness involved; but the basis for the decision in the Rondeau case was the partnership agreement itself, just as in this case the partnership agreement itself imposed an obligation on defendants to put up their proportionate shares for the losses in the years in question.
Defendants would make a distinction because this case is brought by the liquidators with the connotation that the affairs of this partnership are now being wound up so that the theory of preventing actions against individual partners until a final settlement is especially appropriate. LSA-C.C.P. Art. 692 provides that a liquidator is the proper plaintiff to sue to enforce a right of a partnership. Surely if the partnership itself had the right to insist under the partnership agreement that the defendants put up their proportionate shares of the losses, the liquidators now have the same right.
Finally, defendants have contended that the agreement is unclear since the word “borne” might be interpreted to mean that the losses might be charged to the partners but not necessarily collected. If the language is unclear evidence might be admissible to show the intention of the parties and perhaps the manner in which this particular part of the partnership agreement had been implemented in the pasr. None of this is before us since we are dealing only with the exception of no cause of action.
Accordingly, the judgment appealed from is reversed and set aside, the exceptions of no cause of action are overruled and the case is remanded to the trial court for further proceedings. All costs of this appeal are to be borne by defendants. Liability for other costs is to be determined by the trial court.
REVERSED AND REMANDED.
REDMANN, J., dissents with written reasons.
BOUTALL, J., dissents with written reasons.