489 So.2d 449 (1986)
Harold DOUGLAS, et al.
v.
Joseph W. THOMAS.
No. CA-4167.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1986.
*450 Edward M. Morris, New Orleans, for plaintiff-appellee Harold Douglas.
Kern A. Reese, New Orleans, for plaintiff-appellant Bari J. Davis.
Richard A. Goins, New Orleans, for defendant-appellant Joseph W. Thomas.
Before REDMANN, C.J., and SCHOTT, KLEES, CIACCIO and LOBRANO, JJ.
KLEES, Judge.
This action was initiated by plaintiff-appellee Harold Douglas to obtain an accounting from a law partnership which existed among the plaintiff, Joseph Thomas, defendant-appellant, and Ronald Davis.[1] Subsequent to the initiation of the lawsuit, Ronald Davis intervened seeking an accounting of the partnership affairs. Defendant Thomas reconvened against Douglas and Davis also seeking an accounting.
Intervenor, Davis, appeals seeking an increase in the judgment granted in his favor and against defendant Thomas. Thomas appeals assigning three specifications of error. Defendant-appellant argues that the trial court erred when the trial judge failed to appoint a liquidator and instead, set the matter for determination before a jury. He also argues that the trial court erred in finding that the partners entered into a private settlement agreement upon dissolution of the partnership. Defendant finally argues that the jury erred when it returned an award unsupportable by the evidence.
This action arises from the dissolution of the law partnership of Davis, Thomas and Douglas. Upon dissolution, it was alleged that an oral agreement was made by the former partners that each would take the cases that they had been handling. As the fees were received from these cases, the partners would use these monies to pay off a partnership debt. Once the debt had been extinguished, the partners would then share in the proceeds of all former partnership cases equally. Plaintiff, Harold Douglas, sued to recover his share of fees generated from several partnership cases handled by defendant Thomas. Ronald Davis then intervened seeking his share of these same fees, and his share of fees generated from cases which had been part of Thomas and Davis' law corporation.[2] Thomas reconvened against Douglas and Davis for his share of fees generated by partnership cases which they handled. The matter was determined by a jury which returned a verdict in favor of plaintiff Douglas on his principal demand in the amount of $47,584, for intervenor Davis on his demand in the amount of $39,690, and for Thomas on his reconventional demand against plaintiff in the amount of $2,221 and against intervenor in the amount of $15,000.
Defendant-appellant Joseph Thomas argues that the action filed by the plaintiff is premature as there has not been a liquidation of the partnership, and that the trial court erred in failing to appoint a liquidator to assist in settling the matter. Generally, an action is not maintainable between partners with respect to partnership transactions, unless there has been an accounting or settlement of the partnership affairs. Jeffries v. Moore, 219 La. 692, 53 So.2d 898 (1951). A private settlement and accounting of partnership affairs is binding on the parties consenting thereto. Lawrence v. Recoulley, 235 So.2d 437 (La.App. 2nd Cir.1970). Partners may sue each other upon an obligation arising from a private *451 settlement agreement. Kohlmeyer and Company v. Braud, 342 So.2d 1253 (La.App. 4th Cir.1977), writs refused 345 So.2d 56, 57 (La.1977).
In the present case, the defendant argues that a private settlement had not been entered into by the three partners. There was conflicting testimony on whether such an agreement existed, and if such an agreement existed, what were the terms of that agreement. The jury is in the best position to view and determine the credibility of witnesses, and their factual findings will not be disturbed absent manifest error. Blue Streak Enterprises v. Cherrie, 263 So.2d 734 (La.App. 4th Cir.1972); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978); Canter v. Koehring, 283 So.2d 716 (La.1973). Defendant relies upon this court's decision in In Re Nelson, 190 So.2d 131 (La.App. 4th Cir.1966). In Nelson, this court stated that a liquidation of the partnership affairs was necessary prior to the settling of accounts amongst partners. However, in that case, a settlement did not exist, and further, the plaintiff had prayed for a dissolution, liquidation and accounting of the partnership. In the case at bar, none of the parties prayed for a liquidation. Further, the jury found as a fact that a private settlement existed. Thus, we find that In Re Nelson is distinguishable from, and not applicable to the case at bar.
We must note that it was the defendant, Joseph Thomas, who prayed for a jury trial. All parties involved in this litigation are attorneys, and should know the legal consequences of praying for a jury trial. They chose to have a jury settle their dispute, and thus, should be bound by the jury's determination, absent a showing of manifest error. We do not find that there was manifest error in determining that a private settlement existed among the three parties. Accordingly, we affirm the trial court's finding that a private settlement did exist among the partners of Davis, Thomas and Douglas. Further, we hold that the trial court did not commit error in failing to appoint a liquidator under these circumstances.
The defendant also questions the terms of the private settlement agreement. Thomas testified that the three partners agreed to take the cases which each had been working on, and use the proceeds to pay off a partnership debt. Once the debt had been extinguished, then each would keep the proceeds each earned from the partnership cases. Douglas and Davis, by deposition, testified that the agreement was to first use the proceeds to pay off the outstanding debt, and that once the debt had been paid, each would share equally in all proceeds from the partnership cases. In the face of conflicting testimony, as in the present case, credibility evaluations are the province of the trier of facts, and an appellate court may not reverse their factual findings in the absence of manifest error. Miller v. Fogleman Truck Lines, Inc. 398 So.2d 634 (La.App. 3rd Cir.1981), writ denied, 401 So.2d 358 (La.1981). We do not find that the jury committed manifest error in finding that the terms of the agreement were such as stated by Douglas and Davis.
Defendant-appellant's last contention is that the jury erred in granting awards to plaintiff and intervenor which were not supported by the evidence. Intervenor Davis also suggests that the jury miscalculated the recovery granted to him against the defendant. A review of the record reveals that the awards granted by the trial court were supported by the evidence. Plaintiff, Douglas, and intervenor, Davis, were each entitled to one-third of the legal fees generated from partnership cases handled by the defendant. There was evidence at trial that the defendant had two partnership cases from which fees were generated. Plaintiff's award had been offset by his share of a partnership debt paid off by Thomas. Further, intervenor, Davis, was entitled to one-half of the fees generated from Davis & Thomas law corporation cases which were handled by Thomas. Davis's share in these fees were offset by his outstanding cases as well as his share of corporate and partnership debts. The parties relied on the jury to *452 make an accounting of their respective claims, and the record does not support the appellants' claims of errors in the accounting. We conclude that there is no manifest error in the jury's award.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
Affirmed.
REDMANN, C.J., concurs.
REDMANN, Chief Judge, concurring.
Three lawyers each judicially demanded an "accounting" of their terminated law partnership's (and, as to two of them, their law corporation's) affairs. One of them (then represented by other counsel) later demanded trial by jury and the other two did not object. Jury trial was therefore held and verdicts were reached and made the judgment of the trial court. Two of the lawyers now appeal, one objecting that a liquidator should have been appointed (although that one demanded jury trial) and both objecting to the amounts of the awards.
The trial judge may have been wrong in granting trial by jury in an accounting case, and the jury's awards may themselves be wrong. But, at least when the parties are lawyers, judicial economy justifies deeming the parties' demanding and acquiescing in jury trial a waiver of their demands for an accounting (because lawyers know that a jury of laymen cannot perform an accounting) and an agreement to an arbitration by the jurors instead. An award of arbitrators cannot be vacated except on the specific statutory grounds of La.R.S. 9:4210 (e.g., corruption), Firmin v. Garber, 353 So.2d 975 (La.1977), nor modified except on the specific statutory grounds of R.S. 9:4211 (e.g., evident miscalculation).
The jurors' awards as arbitrators must therefore be deemed unreviewable by appeal. Although it might be technically preferable to dismiss the appeal, affirming the awards without review is the substantial equivalent of a dismissal. I therefore concur.
NOTES
[1] On November 28, 1984, the court on motion to substitute parties, substituted Bari J. Davis for plaintiff-appellant Ronald C. Davis who died during the pendency of the action.
[2] Thomas and Davis, subsequent to the dissolution of the partnership, formed a law corporation which also subsequently dissolved.