DOMENGEAUX, Judge.
The plaintiffs in this suit, six limited partners in a Louisiana partnership in com-mendam, sued the partnership, the general partner and the other remaining limited partners for damages caused by alleged fraud, mismanagement, breach of fiduciary duty, etc., on the part of the defendants. The Trial Judge granted the defendants’ motion to strike certain paragraphs in the plaintiffs’ petition which left only those paragraphs requesting the dissolution of the partnership. The plaintiffs applied for writs of certiorari claiming error in the Trial Court’s ruling. This Court denied the plaintiffs’ request, finding no error in the Trial Court’s judgment. The Louisiana Supreme Court, 513 So.2d 1198, subsequently granted writs of review and remanded the case to this Court for consideration of the correctness of the Trial Court’s ruling striking certain paragraphs from the plaintiffs’ petition.
FACTS
The six plaintiffs in this suit include three individuals: Steven J. Dupuis, Sr., James H. Dupuis, Sr., and John W. Dupuis, III, and the irrevocable inter-vivos trusts of three minors: Steven J. Dupuis, Jr., James H. Dupuis, Jr., and John W. Dupuis, IV. All of the plaintiffs are limited partners in SBS-Rue Bienville 1981 Venture (hereinafter referred to as SBS), a Louisiana partnership in commendam. The plaintiffs sued SBS, the general partner of SBS (The Becnel Company), and the remaining limited partners in SBS (Thomas R. Becnel, John D. Price, Brit Busch, and Manning F. Billeaud). The plaintiffs’ petition contained numerous allegations charging the defendants with breach of fiduciary obligations, mismanagement, fraudulent misrepresentation, detrimental reliance, failure to contribute to the capital of SBS, unfair trade practices and breach of contract. The petition asks for damages, or in the alternative, dissolution of the partnership.
In response, the defendants filed numerous exceptions and motions which were all denied by the Trial Judge. The defendants reurged the exception of no cause of action and a motion to strike certain paragraphs from the plaintiffs’ petition. The Trial Court denied the defendants’ exception of no cause of action but granted the defendants’ motion to strike and thereby deleted those paragraphs in the plaintiffs’ petition that stated a cause of action for damages. The Court retained only those paragraphs that stated a cause of action to dissolve and liquidate the partnership. The Trial Judge granted the motion to strike these paragraphs based on the long standing jurisprudential rule that an action is not maintainable between partners with respect to partnership transactions unless there has been an accounting or settlement of the partnership. Dromgoole v. Gardner’s Widow & Heirs, 10 Mart (O.S.) 433 (La.1821); Jeaudron v. Boudreaux, 1 Rob. 383 (La.1842); Stanton v. Buckner, 24 La.Ann. 391 (La.1872); Martin v. Seabaugh, 128 La. 442, 54 So. 935 (1911); Jeffries v. Moore, 219 La. 692, 53 So.2d 898 (1951).
The plaintiffs filed a motion for a new trial asking the Trial Judge to reconsider his ruling on the motion to strike. The Trial Judge ruled that this motion for a new trial was untimely filed and never considered the merits of the motion. The plaintiffs have sought supervisory relief on the two rulings by the Trial Judge, arguing *20 that the motion for a new trial was timely filed and that the defendants’ motion to strike was improperly granted.
The plaintiffs’ motioned for a new trial in order to have the Trial Judge reconsider the merits of the previously granted motion to strike. Since the basis for the plaintiffs’ motion for a new trial was the correctness of the previously granted motion to strike, we need not address whether or not the motion for a new trial was timely filed as our determination of the correctness of the Trial Judge’s ruling on the motion to strike will render moot the merits of the motion for a new trial.
The plaintiffs maintain that the Trial Court erred in granting the defendants’ motion to strike because the 1981 revision to the Civil Code Articles on partnership changed the law and now allow lawsuits between partners based on a partnership transaction without first requiring the dissolution and settlement of the partnership. As authority for this, the plaintiffs cite La.C.C. arts. 2802 through 2813, as amended in 1981, entitled “Obligations and Rights of Partners Toward Each Other and Toward the Partnership”. In particular, the plaintiffs argue that articles 2808, 2809, and 2810, when read in pari materia, allow a partner to maintain an action for damages against a co-partner without first dissolving the partnership and settling the partnership debts. These articles state:
ARTICLE 2808
Each partner owes the partnership all that he has agreed to contribute to it.
ARTICLE 2809
A partner owes a fiduciary duty to the partnership and to his partners. He may not conduct any activity, for himself or on behalf of a third person, that is contrary to his fiduciary duty and is prejudicial to the partnership. If he does not, he must account to the partnership and to his partners for the resulting profits.
ARTICLE 2810
The provisions of Article 2808 and 2809 do not prejudice other rights guaranteed by law to recover damages or to obtain injunctive relief in appropriate cases.
Clearly, the above articles provide a cause of action for a partner to sue another partner for breach of fiduciary duties to the partners and/or partnership, or for breach of agreements between the partners. However, contrary to the plaintiffs’ contention, the inclusion of these duties in the revised articles does not necessarily mean that these causes of action are enforceable prior to the dissolution of the partnership. Courts have long recognized that a partner owes a fiduciary duty to the partnership and to the partners and these articles simply codify that prior jurisprudence. See Henley v. Haynes, 376 So.2d 1030 (La.App. 1st Cir.); writ denied, 377 So.2d 843 (La.1979); W.A. McMichael Const. Co. v. D & W Prop., 356 So.2d 1115 (La.App. 2nd Cir.), writ denied, 359 So.2d 198 (La.1978).
The plaintiffs cite two cases that they contend illustrate the abrogation of the jurisprudential rule in question and allow a partner to sue another partner for damages arising out of a partnership transaction without first dissolving and settling the partnership. Neither case advances or advocates the plaintiffs’ position. In Kaufman & Enzer Joint V. v. Bethlan Prod. Corp., 459 So.2d 60 (La.App. 2nd Cir.1984), the Court found that the plaintiff, even though a partner, was also a creditor of the partnership. As a creditor, the plaintiff was entitled to have the partnership placed in receivership. Next, the plaintiff, as a creditor and as a partner, was entitled to enforce a settlement agreement entered into by the plaintiff and defendant which required the defendant to buy out the plaintiff's share of the partnership at a set price. It is an established exception to the prohibition of suits between partners that one partner may sue another partner upon an obligation arising from a private settlement agreement. Douglas v. Thomas, 489 So.2d 449 (La.App. 4th Cir.1986); Kohlmeyer & Co. v. Braud, 342 So.2d 1253 *21 (La.App. 4th Cir.), writ denied, 345 So.2d 56, 57 (La.1977). Hence, the Court in Kaufman, supra, allowed the plaintiff to sue his partner based on this established exception and did not advance the plaintiffs position that a suit between partners on a partnership transaction is now allowed prior to the partnership’s dissolution and settlement.
In Makar v. Stewart, 486 So.2d 166 (La.App. 3rd Cir.1986) the plaintiff, a partner, sued to dissolve the partnership and sued for damages from his former partner for breach of fiduciary duties. While under Jeffries, supra, maintaining an action for damages against a partner during the suit for dissolution is improper, Courts have allowed a claim for damages against a partner when there has been no complex ac-countings involving a variety of partnership transactions. See 60 Am.Jur.2d §§ 352 ff.; cf. Ingersoll Corporation v. Rogers, 217 La. 79, 46 So.2d 45 (1950). As the plaintiff in Makar was primarily suing to dissolve the partnership, this case does not advance the plaintiffs’ position that suit between partners for damages arising from a partnership transaction can be maintained prior to dissolution and settlement of the partnership debts.
Additionally, a review of the comments by the Partnership Law Revision Committee on articles 2808 through 2813 does not support the plaintiffs’ position. No comment discusses the demise of the jurisprudential rule in question. In contrast, the comments do state other changes the revised articles have on other prior jurisprudence and whether or not the articles in question were intended to change the law. Furthermore, regarding the code articles in question, the introduction to the revised partnership articles drafted by the Partnership Law Revision Committee simply states: “The Courts have long recognized that fiduciary duties exist between partners towards each other and the partnership, and the revision codifies this jurisprudential rule”. 1980 Partnership Revision: An Introduction; Partnership Law Revision Committee, Max Nathan, Jr., Reporter. The conspicious absence of any discussion of a change in the jurisprudential rule in question in both the article’s comments and in the introduction further indicates that the 1981 revisions were not intended to abrogate this long established jurisprudential rule.
Various reasons exist for prohibiting suits between partners during the existence of a partnership. Initially, creditors of the partnership are to be paid in preference to an individual partner’s claim of contribution. La.C.C. art. 2833. Therefore, judicial efficiency requires the settlement of debts to a third party creditor prior to a partner’s claim for his share of the partnership’s proceeds, rather than a relit-igation of a third party creditor’s claim for payment out of the same partnership proceeds. If a partner were allowed to sue prior to settlement of the partnership debts, in order to comply with art. 2833, a Court would frequently have the complicated and often impossible task of sorting out complex long standing accounts dealing with the partnership. When a case has not involved these reasons, Courts have allowed suits between partners, such as in the enforcement of private settlement agreements and cases which lacked complex accounting.
We note the statement made by our Brethem in Beninate v. Bruno, 497 So.2d 1022 (La.App. 5th Cir.1986) at page 1024:
“Finally, as discussed above, the rule barring suit by one partner against another during the partnership may not be available in extreme cases, among which might be fraud, breach of a fiduciary duty specifically owed the plaintiff partner by the defendant partner, and wrongdoing or self dealing so pervasive that the partnership has become a mere facade.”
No reasons were given for the Court’s speculative conclusion that this rule may no longer be in effect. After a review of the jurisprudence, the amended code articles and comments, and the reasons behind the rule, we respectfully disagree with our Brethem of the Fifth Circuit to the extent that they have concluded that the aformen-tioned rale is no longer applicable. We *22 therefore hold that the general rule prohibiting suits between partners on partnership transactions prior to dissolution and settlement of the partnership debts, is still in effect. As such, we find no error by the Trial Court in its determination.
For the above and foregoing reasons we affirm the ruling of the District Court Judge.
AFFIRMED.