535 So.2d 375 (1988)
Steven J. DUPUIS, Sr., Steven J. Dupuis, Jr., Irrevocable Inter Vivos Trust, James H. Dupuis, Sr., James H. Dupuis, Jr., Irrevocable Inter Vivos Trust, John W. Dupuis, III and John W. Dupuis, IV, Irrevocable Inter Vivos Trust
v.
The BECNEL COMPANY, formerly known as SBS Building Corporation, SBS-RUE Bienville 1981 Venture, a Louisiana Partnership in Commendam, Thomas R. Becnel, John D. Price, Brit Busch and Manning F. Billeaud.
No. 88-CC-0940.
Supreme Court of Louisiana.
December 12, 1988.
Anthony Fazzio, Lafayette, for applicants.
Thomas Curtis, Rayne, for respondents.
WATSON, Justice.
Six limited partners[1] of a Louisiana partnership in commendam[2] sued the general partner[3] and the remaining limited partners,[4] alleging breach of fiduciary obligations, intentional and negligent mismanagement, breach of contract, failure of contribution, unfair trade practices, and fraudulent misrepresentation. Plaintiffs asked *376 for various forms of relief including damages. Defendants urged exceptions of no cause of action and prematurity and also filed a detailed motion to strike extensive portions of plaintiffs' petition. The trial court struck all demands for damages from plaintiffs' petition. The court of appeal[5] affirmed because of the jurisprudential rule making partnership dissolution a condition precedent to a partner's suit for damages. A writ was granted to review the judgment.[6]

ISSUE
Prior to a partnership's dissolution, does a partner have a cause of action against another partner for damages caused by breach of fiduciary duties, fraud or negligence?

FACTS
The partnership is entitled SBS-Rue Bienville 1981 Venture, a Louisiana Partnership in Commendam (SBS). The articles of partnership were signed in June of 1981 and provide a term of thirty-five years.[7] The Dupuis family contributed a substantial piece of property in Lafayette, Louisiana, for the construction and development of a commercial building. The general partner, The Becnel Company, contributed its services. The partnership articles describe Becnel's contribution as: "know-how and experience in the development, construction, and management of commercial and investment properties."[8] For these services, Becnel was to receive two percent of the partnership profits. Thomas Becnel individually was to receive sixty-five percent of the profits and the Dupuis family was to receive thirty-three percent of the profits. The building was constructed and is leased to various commercial tenants. No distribution of profits has been made.
The Dupuis family maintains that Thomas Becnel and The Becnel Company have breached fiduciary duties to their partners by paying themselves fees for management services. Plaintiffs assert that these fees were paid directly as well as covertly to The Becnel Company's secretary and others operating on Becnel's behalf.
Plaintiffs asked for various forms of relief: damages for the harm and loss of capital; treble damages for unfair business practices; a special master to act as managing partner of the partnership; withdrawal from the partnership; return of their capital contribution; and, in the alternative, dissolution of the partnership and a general accounting.
Becnel and The Becnel Company denied any mismanagement or wrongdoing, contending that plaintiffs' disappointment in the venture results from the adverse commercial real estate environment in Lafayette. Defendants assert good faith and capable management. Becnel claims that the property is income-producing, although not generating the cash flow the partners had envisioned. Becnel maintains that the Dupuis family cannot withdraw from the partnership until the specified term of thirty-five years has expired.

LAW
The Louisiana partnership in commendam is modeled on the French société en commandite which corresponds closely to the limited partnership in Anglo-American jurisprudence.[9]
A Louisiana jurisprudential rule bars suits between partners prior to a partnership's dissolution. The rule was first enunciated in Dromgoole v. Gardner's Widow & Heirs, 10 Mart (O.S.) 433 (La.1821). Without citation of authority, Dromgoole held that "... a partner has no action against another for any sum paid for a partnership, or any funds placed in it, until *377 a final settlement takes place...."[10]
Dromgoole adopted the common law rule[11] which was based on the distinction between suits at law and at equity. Courts had generally tried to avoid adjudicating problems demanding equitable relief in suits at law, with trial by jury.[12] "A jury is not the proper forum to adjust and settle such concerns." Beach v. Hotchkiss, 2 Conn. 425 at 426 (1818). There is, of course, no analogue in civilan practice to the equity/law distinction in the common law. This rationale for the rule later merged with considerations of judicial economy. Suits between partners were regarded as premature prior to liquidation of the partnership. See Jeffries v. Moore, 219 La. 692, 53 So.2d 898 (1951).
Numerous exceptions to the jurisprudential rule have developed. Suit by a partner against another partner may be permitted: when liability arises out of an independent transaction, Ingersoll Corporation v. Rogers, 217 La. 79, 46 So.2d 45 (1950); when there is an express promise by one party to pay another prior to the partnership settlement, Parker v. Davis, 225 La. 359, 72 So.2d 877 (1954); when a complex accounting is not required, Ingersoll, supra; when a partner is also a creditor of the partnership, Kaufman & Enzer Joint Venture v. Bethlan Production Corp., 459 So.2d 60 (La.App. 2 Cir.1984), LSA-C.C. art. 2811;[13] when the obligation sued upon is governed by a private agreement, Douglas v. Thomas, 489 So.2d 449 (La.App. 4 Cir.1986), Kohlmeyer & Company v. Braud, 342 So. 2d 1253 (La.App. 4 Cir.1977); when fraud is alleged and the defendant partner benefited from or participated in the fraud, Dohm v. O'Keefe, 458 So.2d 964 (La.App. 4 Cir. 1984); and when the suit is in tort, Brouillette v. Phoenix Assurance Company, 340 So.2d 667 (La.App. 4 Cir.1976).[14]
No statutory authority bars suits between partners prior to settlement of the partnership. Effective January 1, 1981, the Louisiana Civil Code articles on partnership were completely revised.[15] The revision represented six years of work by a Louisiana State Law Institute committee and was intended to be "a whole new body" of comprehensive statutory law.[16] The committee reviewed the existing Louisiana partnership law and jurisprudence.[17] The revised partnership code does not include any statutory support for the jurisprudential rule at issue here.
The 1980 revision codifies the obligation of partners to fulfill their agreements relative to contribution in Article 2808, codifies the fiduciary relationship between partners in Article 2809, and explicitly states in Article 2810 that "The provisions of Articles 2808 and 2809 do not prejudice other rights granted by law to recover damages or to obtain injunctive relief in appropriate cases."[18]
*378 "By expressly stipulating that a fiduciary obligation exists, the Revision protects the partner in commendam both prior to creation of the partnership and during its existence. If the fiduciary duty is violated, the partner in commendam has a right to bring an action for damages and lost profits."[19] That is precisely the allegation made and the remedy sought in this case.[20]
Even when a partnership has a specified term, a partner may withdraw for "just cause" because of another partner's failure to perform an obligation.[21]

CONCLUSION
The historical basis of the Dromgoole rule, the common law distinction between suits at equity and suits at law, is irrelevant in Louisiana. There is no statutory authority for the rule that suits between partners must be preceded by dissolution and settlement of the partnership. The 1980 codification of Louisiana's partnership law did not include a prohibition of suits between partners. The strong implication is that the rule was rejected. Articles 2808, 2809 and 2810 support this interpretation of the codification.
Since the Dupuis family alleges both fraud and negligence in the management of the partnership, one or more of the recognized exceptions might apply. Regardless, the jurisprudential rule has no civilian or statutory underpinnings and must fall. Prior cases holding to the contrary are overruled.
For the reasons assigned, the judgments of the trial court and the court of appeal are reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND RENDERED.
NOTES
[1] The six plaintiffs are members of the Dupuis family: Steven J., James H. and John W. Dupuis and their three sons, whose ownership is held in three irrevocable inter vivos trusts.
[2] SBS-Rue Bienville 1981 Venture, a Louisiana Partnership in Commendam.
[3] The Becnel Company, formerly SBS Building Corporation.
[4] The remaining partners in commendam, Thomas R. Becnel (also sole shareholder of The Becnel Company), John D. Price, Brit Busch, and Manning F. Billeaud, and the partnership itself are sued as indispensable parties to the litigation.
[5] 527 So.2d 18 (La.App. 3 Cir.1988).
[6] 528 So.2d 152 (La.1988).
[7] Tr., pp. 25-57.
[8] Tr., p. 32.
[9] O'Neal, "An Appraisal of the Louisiana Law of Partnership: A Comparative Focus on Source Materials Underlying Practices", 9 La.L.Rev. 450 (1948-49).
[10] Dromgoole, supra, 10 Mart (O.S.) at 435.
[11] See Murray v. Bogert, 14 Johns. 318 at 322 (1817): "it is a principle too well settled to be shaken, that partners cannot sue each other at common law."
[12] "It is indeed, most convenient, that partnership accounts should be settled before auditors. It would often be extremely difficult, sometimes it would be impracticable, to settle them by a jury." Ozeas v. Johnson, Administrator of Foulke, 4 U.S. (4 Dall.) 434 at 435, 1 L.Ed. 897 at 898 (1806).
[13] LSA-C.C. art. 2811 states:

"A partner who acts in good faith for the partnership may be a creditor of the partnership for sums he disburses, obligations he incurs, and losses he sustains thereby."
[14] Parallel exceptions developed in the common law. See Pugh v. Newbern, 193 N.C. 258, 136 S.E. 707 (1927).
[15] LSA-C.C. arts. 2801 through 2848.
[16] Louisiana Civil Code, Title XI Partnership, 1980 Partnership Revision: An Introduction, p. 1.
[17] Introduction, p. 2.
[18] LSA-C.C. art. 2808 reads:

"Each partner owes the partnership all that he has agreed to contribute to it."
LSA-C.C. art. 2809 provides:
"A partner owes a fiduciary duty to the partnership and to his partners. He may not conduct any activity, for himself or on behalf of a third person, that is contrary to his fiduciary duty and is prejudicial to the partnership. If he does so, he must account to the partnership and to his partners for the resulting profits."
[19] Comment: "An Examination of Louisiana Limited Partnershipthe Partnership in Commendam", 55 Tul.L.Rev. 515, 534 (1981).
[20] Several appellate cases either express doubt about the continuing viability of the common law rule or abrogate it in practice. In Kaufman & Enzer Joint Venture v. Bethlan Production Corp., 459 So.2d 60 (La.App. 2 Cir.1984), a limited partner petitioned to have the general partner, a corporation, placed in receivership. The second circuit held that the allegations of fraud, mismanagement and breach of a special settlement contract stated a cause of action. In Makar v. Stewart, 486 So.2d 166 (La.App. 3 Cir. 1986) the court considered in a single proceeding parties' demands for dissolution of the partnership, partition of a matrimonial community between one partner and his ex-wife who was not a partner, allegations of fraud, tortious conversion of funds and breach of fiduciary duties by one partner against another. Beninate v. Bruno, 497 So.2d 1022 (La.App. 5 Cir.1986) held that the rule should not operate as an absolute bar to suits between partners in extreme cases, including those alleging fraud and breach of fiduciary duty. Here, the Third Circuit chose to "respectfully disagree" with the Fifth Circuit.
[21] LSA-C.C. art. 2821 states:

"If a partnership has been constituted for a term, a partner may withdraw without the consent of his partners prior to the expiration of the term provided he has just cause arising out of the failure of another partner to perform an obligation."